The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| STARK *et al*,                                      )                                              |                                                 |
|------------------------------------------------------|--------------------------------------------------|
|                                            Plaintiffs, )                                            |                                                 |
|         v.                                          )         No. CV06-1719 JLR                    |
| THE SEATTLE SEAHAWKS, FOOTBALL                       )         ANSWER OF THE SEATTLE                |
| NORTHWEST LLC, *et al.*,                             )         SEAHAWKS, FOOTBALL                   |
|                                                      )         NORTHWEST LLC, AND FIRST &           |
|                                           Defendants. )        GOAL, INC.                           |

     1.     Paragraph 1 of the Complaint sets forth legal conclusions as well as the purported purpose of the action, neither of which requires a response.  To the extent that a response is required, the allegations of this paragraph are denied.

     2.     Responding to paragraph 2 of the Complaint, defendants Seattle Seahawks, Football Northwest LLC and First & Goal Inc. (collectively, "Answering Defendants") state that plaintiffs are Seattle Seahawks season ticket holders.  Answering Defendants are without information sufficient to admit or deny the remaining allegations of this paragraph; those allegations are therefore denied.

ANSWER
Case No. CV06-1719 JLR

COVINGTON & BURLING LLP
1201 Pennsylvania Ave, NW
Washington, DC 20004
Tel: 202.662.6000 FAX: 202.662.6291

3. Responding to paragraph 3 of the Complaint, Answering Defendants state that Defendant Football Northwest, LLC is the legal name of the Seattle Seahawks, a professional football team located in Seattle, and that "Seattle Seahawks" is a trade name of Defendant Football Northwest, LLC. The remaining allegations of this paragraph are denied.

4. Responding to paragraph 4 of the Complaint, Answering Defendants state that Washington State Public Stadium Authority ("PSA") is a Washington State public corporation that owns Qwest Field, where the Seattle Seahawks play their home games. The remaining allegations of this paragraph are denied.

5. Answering Defendants are without information sufficient to admit or deny the allegations of Paragraph 5; those allegations are therefore denied.

6. Responding to paragraph 6 of the Complaint, Answering Defendants state that Defendant First & Goal Inc. is a corporation organized and existing under the laws of the State of Washington and that First & Goal Inc. is the Master Tenant under a lease agreement with PSA. The remaining allegations of this paragraph are denied.

7. Paragraph 7 sets forth legal conclusions that do not require a response.

8. Paragraph 8 sets forth legal conclusions that do not require a response.

9. Responding to Paragraph 9 of the Complaint, Answering Defendants state that First & Goal Inc. is a private entity that, pursuant to a master lease agreement with PSA, a Washington State public corporation, is the master tenant and operator of Qwest Field. Answering Defendants are without information sufficient to admit or deny the remaining allegations of this paragraph; those allegations are therefore denied.

ANSWER
Case No. CV06-1719 JLR

COVINGTON & BURLING LLP
1201 Pennsylvania Ave, NW
Washington, DC 20004
Tel: 202.662.6000 FAX: 202.662.6291

10. Responding to paragraph 10 of the Complaint, Answering Defendants state that in 1996 the predecessor to Football Northwest LLC, acquired an option to purchase the assets constituting the Seattle Seahawks franchise from Seattle Seahawks, Inc., an affiliate of Ken Behring. A publicly stated condition of the purchase of the franchise was a public commitment to enable and partially fund construction of a new football stadium in the Greater Seattle area. The option was subsequently exercised and the right and obligation to purchase the franchise was assigned to Football Northwest LLC prior to the closing of the purchase. Football Northwest LLC closed the purchase and acquired the franchise in August of 1997. Answering Defendants are without information sufficient to admit or deny the remaining allegations of this paragraph; those allegations are therefore denied.

11. Answering Defendants are without information sufficient to admit or deny the allegations of Paragraph 11; those allegations are therefore denied.

12. Paragraph 12 of the Complaint sets forth legal conclusions that do not require a response. Answering Defendants are without information sufficient to admit or deny the remaining allegations of this paragraph; those allegations are therefore denied.

13. Paragraph 13 of the Complaint sets forth legal conclusions that do not require a response. To the extent that a response is required, the allegations of this paragraph are denied.

14. Paragraph 14 of the Complaint sets forth legal conclusions that do not require a response. To the extent that a response is required, the allegations of this paragraph are denied.

ANSWER
Case No. CV06-1719 JLR

COVINGTON & BURLING LLP
1201 Pennsylvania Ave, NW
Washington, DC 20004
Tel: 202.662.6000 FAX: 202.662.6291

- 3 -

15. Paragraph 15 of the Complaint sets forth legal conclusions that do not require a response. Answering Defendants are without information sufficient to admit or deny the remaining allegations of this paragraph. Accordingly, to the extent that a response is required, the allegations of this paragraph are denied.

16. Paragraph 16 of the Complaint sets forth legal conclusions that do not require a response. To the extent that a response is required, the allegations of this paragraph are denied.

17. Paragraph 17 of the Complaint sets forth legal conclusions that do not require a response. To the extent that a response is required, the allegations of this paragraph are denied.

18. Paragraph 18 of the Complaint sets forth legal conclusions that do not require a response. To the extent that a response is required, the allegations of this paragraph are denied.

19. Paragraph 19 of the Complaint sets forth legal conclusions that do not require a response. To the extent that a response is required, the allegations of this paragraph are denied.

20. Responding to paragraph 20 of the Complaint, Answering Defendants state that Defendant First & Goal Inc. and PSA entered into a Master Lease Agreement dated November 24, 1998, which has subsequently been amended (the "Master Lease"). To the extent this paragraph sets forth legal conclusions, those conclusions do not require a response.

ANSWER
Case No. CV06-1719 JLR

COVINGTON & BURLING LLP
1201 Pennsylvania Ave, NW
Washington, DC 20004
Tel: 202.662.6000 FAX: 202.662.6291

- 4 -

21. Responding to paragraph 21 of the Complaint, Answering Defendants state that the terms of the Master Lease speak for themselves. To the extent that a response is otherwise required, the allegations of this paragraph are denied.

22. Responding to paragraph 22 of the Complaint, Answering Defendants state that the terms of the Master Lease speak for themselves. To the extent that a response is otherwise required, the allegations of this paragraph are denied.

23. Responding to paragraph 23 of the Complaint, Answering Defendants state that in August 2005, the Commissioner of the National Football League ("NFL") required limited, upper body pat-down searches of all ticket holders, among others, attending NFL games. Answering Defendants further state that the purpose of that requirement is to detect suicide bombs, to prevent terrorists from attacking NFL games with suicide bombs, and to deter such attacks. The remaining allegations of this paragraph are denied.

24. Responding to paragraph 24 of the Complaint, Answering Defendants state that that all ticket holders, among others, seeking admittance to an NFL game must undergo a limited pat-down of the upper body. The required pat-down extends to the upper torso, arms, and back. Answering Defendants deny the remaining allegations of this paragraph.

25. Responding to paragraph 25 of the Complaint, Answering Defendants state that every NFL franchise is required to comply with the pat-down requirement. To the extent that the allegations of this paragraph require further response, they are denied.

26. Responding to paragraph 26 of the Complaint, Answering Defendants state that, beginning on August 22, 2005, pat-down searches have been conducted at Seattle

ANSWER
Case No. CV06-1719 JLR

COVINGTON & BURLING LLP
1201 Pennsylvania Ave, NW
Washington, DC 20004
Tel: 202.662.6000 FAX: 202.662.6291

- 5 -

Seahawks games at Qwest Field. Answering Defendants are without information sufficient to admit or deny the remaining allegations of this paragraph; those allegations are therefore denied.

27. Answering Defendants are without information sufficient to admit or deny the allegations of Paragraph 27; those allegations are therefore denied.

28. Answering Defendants are without information sufficient to admit or deny the allegations of Paragraph 28; those allegations are therefore denied.

29. Answering Defendants are without information sufficient to admit or deny the allegations of Paragraph 29; those allegations are therefore denied.

30. Responding to Paragraph 30 of the Complaint, Answering Defendants state that Defendant First & Goal Inc. directed security personnel to conduct pat-downs of every ticket holder entering Quest Field on September 18, 2005 in accordance with the NFL pat-down requirement. Answering Defendants further state that the NFL pat-down policy has been in effect at all Seattle Seahawks games at Qwest Field for the past two NFL seasons. Answering Defendants are without information sufficient to admit or deny the remaining allegations of this paragraph; those allegations are therefore denied.

31. Answering Defendants are without information sufficient to admit or deny the allegations of Paragraph 31; those allegations are therefore denied.

32. Answering Defendants are without information sufficient to admit or deny the allegations of Paragraph 32; those allegations are therefore denied.

33. Answering Defendants deny the allegations of Paragraph 33.

34. Responding to Paragraph 34, Answering Defendants state that stadium security temporarily suspended pat-downs at Seahawks games on only one occasion. At a game

ANSWER
Case No. CV06-1719 JLR

COVINGTON & BURLING LLP
1201 Pennsylvania Ave, NW
Washington, DC 20004
Tel: 202.662.6000 FAX: 202.662.6291

- 6 -

during the 2005 season, a large crowd accumulated at the gates just prior to the start of the game, overwhelming the security staff managing the gates and performing security screenings. Due to the need to maintain appropriate control of the crowd, stadium security suspended the pat-down inspections for that game. Improved planning, better training of security personnel, and increased ticket holder familiarity with pat-down procedures has resulted in more effective crowd management at subsequent games. Answering Defendants further state that pat-downs have not been suspended for any other reason or on any other occasion. The remaining allegations of this paragraph are denied.

35. Answering Defendants deny the allegations of Paragraph 35.

36. Answering Defendants deny the allegations of Paragraph 36.

37. Responding to Paragraph 37, Answering Defendants state that no fans are "singled out" for pat-downs, state that they are without information sufficient to admit or deny the allegations of the second sentence of this paragraph, and deny the remaining allegations of the last sentence of this paragraph.

38. Answering Defendants deny the allegations of Paragraph 38.

39. Responding to paragraph 39 of the Complaint, this paragraph sets forth legal conclusions for which no response is required. Answering Defendants deny the remaining allegations of this paragraph.

40. Answering Defendants deny the allegations of Paragraph 40.

41. Responding to paragraph 41 of the Complaint, Answering Defendants state that pat-downs are conducted at all football games held at Qwest Field, including Seattle Seahawks games, Washington State University games, and the annual "Battle in Seattle" game

ANSWER
Case No. CV06-1719 JLR

COVINGTON & BURLING LLP
1201 Pennsylvania Ave, NW
Washington, DC 20004
Tel: 202.662.6000 FAX: 202.662.6291

- 7 -

between Central Washington University and Western Washington University. Pat-downs are conducted at other events on an event-by-event basis, ordinarily after consultation between Defendant First & Goal Inc. and the event promoter. Answering Defendants deny the remaining allegations of this paragraph.

42. Paragraph 42 of the Complaint sets forth legal conclusions for which no response is required. Answering Defendants deny the remaining allegations of this paragraph.

43. Responding to paragraph 43 of the Complaint, Answering Defendants state that the Starks purchased season tickets for the 2006 season. Answering Defendants are without information sufficient to admit or deny the remaining allegations of Paragraph 43; those allegations are therefore denied.

44. Answering Defendants deny the allegations of paragraph 44.

45. Answering Defendants incorporate by reference the foregoing paragraphs 1-44 as if fully set forth below.

46. Answering Defendants deny the allegations of paragraph 46.

47. Answering Defendants deny the allegations of paragraph 47.

48. Answering Defendants deny the allegations of paragraph 48.

49. Answering Defendants deny the allegations of paragraph 49.

50. Answering Defendants incorporate by reference the foregoing paragraphs 1-49 as if fully set forth below.

51. Answering Defendants deny the allegations of paragraph 51.

52. Answering Defendants deny the allegations of paragraph 52.

53. Answering Defendants deny the allegations of paragraph 53.

ANSWER
Case No. CV06-1719 JLR

COVINGTON & BURLING LLP
1201 Pennsylvania Ave, NW
Washington, DC 20004
Tel: 202.662.6000 FAX: 202.662.6291

- 8 -

54. Answering Defendants deny the allegations of paragraph 54.

55. Answering Defendants deny the allegations of paragraph 55.

Any and all allegations of the Complaint not expressly admitted herein are denied.

**AFFIRMATIVE DEFENSES**

1. The complaint fails to state a claim for relief.

2. Plaintiffs cannot establish the prerequisites for either injunctive or declaratory relief.

3. The pat-down procedure does not constitute or involve state action or conduct taken under color of law.

4. The pat-down procedure does not constitute an unreasonable search and seizure under the United States or Washington State Constitutions.

5. The pat-down procedure is justified under the special needs exception to the Fourth Amendment of the United States and Washington State Constitutions.

6. Plaintiffs consented to the pat-down procedure.

7. Plaintiffs' claims are barred by laches.

8. Plaintiffs' claims are barred by waiver and/or estoppel.

WHEREFORE, defendants request that plaintiffs' claims be dismissed and this Court award defendants costs, attorneys' fees and such other relief as is available.

Dated this 3rd day of January, 2007.

ANSWER
Case No. CV06-1719 JLR

COVINGTON & BURLING LLP
1201 Pennsylvania Ave, NW
Washington, DC 20004
Tel: 202.662.6000 FAX: 202.662.6291

- 9 -

|  |  |
|---|---|
| Gregg H. Levy | ____/s/ Paul A. Ainsworth_____ |
| Paul A. Ainsworth | Jeffrey Miller, WSBA # 28077 |
| COVINGTON & BURLING LLP | Tim J. Filer, WSBA #16285 |
| 1201 Pennsylvania Ave, NW | FOSTER PEPPER PLLC |
| Washington, DC 20004 | 1111 Third Avenue, Suite 3400 |
| tel: 202.662.6000 | Seattle, WA 98101 |
| fax: 202.662.6291 | tel: 206.447.4400 |
|  | fax: 206.447.9700 |

*Counsel for Defendants The Seattle Seahawks,*
*Football Northwest LLC and First & Goal, Inc.*

ANSWER  
Case No. CV06-1719 JLR

COVINGTON & BURLING LLP  
1201 Pennsylvania Ave, NW  
Washington, DC 20004  
Tel: 202.662.6000 FAX: 202.662.6291

- 10 -

**CERTIFICATE OF SERVICE**

I HEREBY certify that on January 3, 2007, I electronically filed the foregoing with the Clerk of the Court using the ECM/CMF system which will send notification of the filing to Timothy G. Leyh, Esq. and Christopher T. Wion, Esq, Danielson Harrigan Leyh & Tollefon LLP, 999 Third Avenue, Suite 4400, Seattle, WA 98104, Counsel for Plaintiffs.

I also certify that I have sent by Federal Express delivery the document to the following non ECM/CMF participant: Stephen T. Janik, Esq. of Ball Janik, LLP, One Main Place, 101 SW Main Street, Suite 1100, Portland, OR 97204, Counsel for Defendants the Washington State Public Stadium Authority and Lorraine Hine, in her official capacity as Chairperson of the Washington State Public Stadium Authority board of directors.

　　　　　　　　　　　　　　　　___/s/ Paul Ainsworth_____

ANSWER  
Case No. CV06-1719 JLR

COVINGTON & BURLING LLP  
1201 Pennsylvania Ave, NW  
Washington, DC 20004  
Tel: 202.662.6000 FAX: 202.662.6291

- 11 -