The Honorable James Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRED and KATHLEEN STARK, a married couple,<br><br>Plaintiffs,<br><br>v.<br><br>THE SEATTLE SEAHAWKS, FOOTBALL NORTHWEST, LLC, a Washington limited liability company, FIRST & GOAL, INC., a Washington corporation, THE WASHINGTON STATE PUBLIC STADIUM AUTHORITY, a Washington municipal corporation, and LORRAINE HINE, in her capacity as chair of the Washington State Public Stadium Authority board of directors,<br><br>Defendants. | No. CV 06-1719 JLR<br><br>**STIPULATED PROTECTIVE ORDER** |

Plaintiffs and Defendants, having stipulated that a Protective Order should be entered pursuant to Federal Rule of Civil Procedure 26(c) to maintain the confidentiality of certain information and materials to be exchanged between the parties, and it appearing to the Court that such a Protective Order is necessary and appropriate and that it will facilitate discovery;

IT IS THEREFORE ORDERED that:

STIPULATED PROTECTIVE ORDER - 1
CASE NO. CV 06-1719 JLR
50774946.1

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 447-4400

1.  <u>Designation of "CONFIDENTIAL MATERIALS."</u>  Each party may identify discovery materials produced by it, including documents and things, answers to interrogatories, responses to requests for production, responses to requests for admission, deposition exhibits, and transcripts of depositions or hearings (or portions of such transcripts) (collectively "Discovery Materials"), as "CONFIDENTIAL MATERIALS" by affixing thereto the legend:

CONFIDENTIAL MATERIALS<br>(SUBJECT TO PROTECTIVE ORDER)

A party may designate discovery materials as "CONFIDENTIAL MATERIALS" to the extent that the party, through counsel, believes such discovery materials are confidential because they include: (a) confidential business or technical information; (b) trade secrets; (c) proprietary business methods or practices; (d) personal information, including personal financial information about, among other persons, any party to this lawsuit or an employee of any party to this lawsuit; and/or (e) any other competitively sensitive confidential information.

2.  <u>Definition of CONFIDENTIAL MATERIALS</u>.  "CONFIDENTIAL MATERIALS" shall be those items designated under Paragraph 1, any notes, work papers or other documents derived from or based upon such "CONFIDENTIAL MATERIALS," and all copies, portions, summaries, or abstracts of such "CONFIDENTIAL MATERIALS."

3.  <u>Definition of Litigation</u>.  As used herein, "Litigation" shall mean the above-captioned action only.

4.  <u>Limitations on Disclosure of "CONFIDENTIAL MATERIALS"</u>.  Discovery Materials designated "CONFIDENTIAL MATERIALS" shall be maintained in confidence by the party to whom such materials are produced or given, shall not be used for any business, commercial, competitive, personal or other purpose, shall be used only for the Litigation (and not for other present or future cases or disputes), and shall not be disclosed to any person except the following qualified recipients:

STIPULATED PROTECTIVE ORDER - 2
CASE NO. CV 06-1719 JLR
50774946.1

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 447-4400

        a.     The Court and its officers;

        b.     Counsel of record in the Litigation and employees of counsel of record;

        c.     In-house counsel for the parties in the Litigation;

        d.     Each party to this Litigation;

        e.     Outside consultants and experts retained by counsel or the parties to assist in this Litigation, provided that each such third party (1) has been provided a copy of this Stipulated Protective Order and (2) has signed a receipt acknowledging his or her receipt of the Order and agreement to be bound by its terms;

        f.     Other persons, provided that (1) the producing party has consented in writing to disclosure to such other person, and (2) such other person (i) has been provided a copy of this Stipulated Protective Order and (ii) has signed a receipt acknowledging his or her receipt of the Order and agreement to be bound by its terms;

        g.     Deponents in depositions in this Litigation, provided that any "CONFIDENTIAL MATERIALS" shall be subject to the provisions of Paragraphs 12 through 14 of this Order; and

        h.     Any copy services or other service providers engaged by counsel or the parties to assist in this Litigation, provided that each such third party (1) has been provided a copy of this Stipulated Protective Order and (2) has signed a receipt acknowledging his/her receipt of the Order and agreement to be bound by its terms.

5.    <u>Notice of Disclosure</u>. All persons to whom "CONFIDENTIAL MATERIALS" are provided shall be subject to this Order and shall maintain such information in confidence, shall not use such information for any purpose other than the prosecution or defense of this Litigation, and shall not disclose such information to any other person except in accordance

STIPULATED PROTECTIVE ORDER - 3
CASE NO. CV 06-1719 JLR
50774946.1

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 447-4400

with Paragraph 5.

6. <u>Retention of Receipts</u>.  Counsel to whom "CONFIDENTIAL MATERIALS" are disclosed shall keep in their files the originals of the signed receipts required by this Order.

7. <u>Limitation of Disclosure</u>.  "CONFIDENTIAL MATERIALS," or copies thereof, bearing the identification specified in Paragraph 1 or portions, summaries, or abstracts thereof, shall not be made public by the party to whom they are disclosed, unless such "CONFIDENTIAL MATERIALS," or copies thereof, become a part of the public record of this Litigation through no fault or other improper conduct of the party to whom they are disclosed.

8. <u>Challenge to Designation</u>.  This Stipulated Protective Order is without prejudice to the right of any party to contest a designation of "CONFIDENTIAL MATERIALS" as inappropriate.  In the event a party receiving "CONFIDENTIAL MATERIALS" believes that certain material has been improperly so designated, it may communicate that fact to counsel for the producing party by identifying the material at issue in writing within thirty (30) business days of the production of the material or its designation as CONFIDENTIAL MATERIALS, whichever comes later.  If a party communicates a challenge to a designation of "CONFIDENTIAL MATERIALS" within the applicable time period, counsel for the producing party will then have twenty (20) business days from the date of any such notice to submit the challenged materials to the Court, along with a motion seeking to adjudicate the confidentiality of the materials at issue.  The parties may jointly agree to extend the time for filing such a motion, if they believe doing so will avoid the potentially unnecessary expenditure of resources by the Court.  All materials at issue shall be treated as "CONFIDENTIAL MATERIALS" under the terms of this Order until the Court rules otherwise.  Nothing in this Stipulated Protective Order shall shift the burden of proof on this motion from the party asserting that the material is confidential.

9. <u>Supplemental Orders</u>.  This Order shall not foreclose any party from moving the Court for an order relieving the party of the effect of the Order or from applying to the

STIPULATED PROTECTIVE ORDER - 4
CASE NO. CV 06-1719 JLR
50774946.1

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 447-4400

Court for further or additional protective orders. In addition, the parties may agree among themselves to modification of this Stipulated Protective Order, subject to the approval of the Court.

10. <u>Return of "CONFIDENTIAL MATERIALS."</u> Within thirty (30) business days after the final termination of this Litigation, including any appeals, each counsel shall either return all "CONFIDENTIAL MATERIALS" in his possession, custody or control, and all copies, portions, summaries, or abstracts thereof to counsel for the disclosing party, or shall certify destruction thereof to counsel for the disclosing party.

11. <u>Use of "CONFIDENTIAL MATERIALS" at Depositions</u>. If counsel for any party believes that a question put to a witness being examined in pretrial deposition will disclose "CONFIDENTIAL MATERIALS," or that the answer to any question or questions requires such disclosure, or if documents to be used as exhibits during the examination contain such "CONFIDENTIAL MATERIALS," such counsel shall have the option to so notify requesting counsel and insist that the deposition be taken in the presence only of counsel, supporting personnel identified in Paragraph 5, parties to the Litigation, the court reporter, video operator and their assistants and persons who have signed a receipt acknowledging the receipt of this Stipulated Protective Order and agreement to be bound by its terms. Failure to invoke this option shall not destroy, infringe, or erode the confidential nature of such information.

12. <u>Designation of Transcripts of Depositions</u>. Transcripts of depositions shall be treated as "CONFIDENTIAL MATERIALS," provided that within thirty (30) business days after counsel for the party requesting such treatment of any deposition has received a copy of the transcript of the deposition, requesting counsel shall designate to other counsel those portions of the transcript regarded as containing "CONFIDENTIAL MATERIALS," and only those portions so designated shall thereafter be treated as "CONFIDENTIAL MATERIALS."

13. <u>Use of Transcripts of Depositions</u>. Transcripts of any deposition taken by any party that are designated in whole or in part as containing "CONFIDENTIAL MATERIALS" shall
STIPULATED PROTECTIVE ORDER - 5
CASE NO. CV 06-1719 JLR
50774946.1

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 447-4400

be prepared for or furnished by the reporter only to outside counsel for the parties, who may then provide copies only to the persons identified in Paragraph 5 under the circumstances specified therein.

14. <u>No Modification of Privileges</u>.  Nothing in this Stipulated Protective Order shall modify the law regarding the attorney-client privilege, the work-product doctrine, or trade secret or other confidential research, development, or commercial information, or other applicable privileges.

15. <u>Use of "CONFIDENTIAL MATERIALS" in Discovery, Motions and Trial</u>. "CONFIDENTIAL MATERIALS" may be used in support of or in opposition to any motion, at any motion hearing, to prepare for and conduct discovery, and to prepare for trial, all subject to the provisions of this Stipulated Protective Order or any further order regarding confidentiality as this Court may enter.

16. <u>Filing Under Seal</u>.  If any "CONFIDENTIAL MATERIALS," or the contents thereof, are used by any party in support of any motion, brief, memorandum, or other document filed or to be filed with the Court in the Litigation, the filing party shall, by appropriate stipulation and proposed order or motion, seek leave of Court to file the specific pleadings or documents containing "CONFIDENTIAL MATERIALS" under seal pursuant Western District of Washington Local Civil Rule 5(g) ("Local Rule 5(g)") and the Court's election is filing procedures relating to requests for filing documents under seal ("ECF rules").  The filing party shall seek leave to file documents containing or reflecting CONFIDENTIAL MATERIALS prior to or contemporaneously with the filing of the pleadings or documents containing "CONFIDENTIAL MATERIALS."  If advance leave of Court is obtained to file particular pleadings or documents under seal, the subject pleadings and/or documents shall be (a) filed with the Court under seal in accordance with the procedures set forth in Local Rule 5(g), and (b) kept under seal by the Clerk of this Court until further order of this Court.  In the event leave of Court to file particular pleadings or documents under seal is sought

STIPULATED PROTECTIVE ORDER - 6
CASE NO. CV 06-1719 JLR
50774946.1

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98104-1158
TELEPHONE:  (206) 447-4400

contemporaneously with the filing of such pleadings or documents, the filing party shall file the subject pleadings and/or documents under seal pursuant to the procedures set forth in Local Rule 5(g) and the ECF rules, pending disposition by the Court of the stipulation or motion for leave to file such materials under seal.  In the event, and only in the event, this Court approves the stipulation or motion and grants leave for the documents to be filed under seal, the subject pleadings and/or documents shall be kept under seal by the Clerk of this Court until further order of this Court.

17.   <u>Inadvertent Disclosure of Privileged Documents</u>.  Inadvertent production of documents otherwise subject to the attorney-client privilege, work product doctrine, or other applicable privilege or similar reason for non-disclosure shall not automatically constitute a waiver of any privilege or immunity.  Upon notification that a document or other discovery material has been inadvertently or mistakenly produced and that a claim of attorney-client privilege, work product, or other privilege or similar reason for non-disclosure will be made with regard to such document or other discovery material, the party receiving such notice shall refrain from utilizing said document or discovery in any manner or form including specifically, but not exclusively, use during the course of a deposition, review with witnesses, or any other disclosure or review whatsoever, pending a ruling on a motion seeking the return of the document or discovery material.  A party seeking the return of such documents or discovery materials shall file a motion with the Court within seven (7) business days measured from the date of the refusal by the receiving party to return such document or discovery material.

18.   <u>Inadvertent Disclosure of "CONFIDENTIAL MATERIALS."</u>  If a party or any of its representatives, including but not limited to its counsel, outside consultants, and experts, inadvertently discloses any information or documents designated as "CONFIDENTIAL MATERIALS" pursuant to this Stipulated Protective Order to persons who are not authorized to use or possess such "CONFIDENTIAL MATERIALS," the party shall provide immediate written

STIPULATED PROTECTIVE ORDER - 7
CASE NO. CV 06-1719 JLR
50774946.1

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 447-4400

notice of the disclosure to the party whose "CONFIDENTIAL MATERIALS" were inadvertently disclosed. Similarly, in the event a party has actual knowledge that "CONFIDENTIAL MATERIALS" are being used or possessed by a person not authorized to use or possess "CONFIDENTIAL MATERIALS" pursuant to this Order, regardless of how the "CONFIDENTIAL MATERIALS" were disclosed or obtained by such person, the party shall provide immediate written notice of the unauthorized use or possession to the party whose "CONFIDENTIAL MATERIALS" are being used or possessed. No party shall have an affirmative obligation to inform itself regarding such possible use or possession.

19. <u>Material and Information Otherwise Obtained</u>. Nothing in this Stipulated Protective Order shall apply to documents, information, material, or any portion thereof obtained by any party by means other than produced by the other party in the discovery process in this Litigation, and/or made public in the prosecution or defense of this Litigation through no fault or other improper conduct of the party to whom "CONFIDENTIAL MATERIALS" are disclosed.

20. <u>No Waiver of Rights</u>. Nothing in this Stipulated Protective Order shall be deemed a waiver of any of the parties' rights to oppose any discovery on any grounds or to object on any ground to the admission in evidence at any motion hearing or the trial of this Litigation of any matter discovered.

21. <u>Effect on Scope of Discovery</u>. Nothing in this Stipulated Protective Order shall in any way limit the permissible scope of discovery in this Litigation.

///
///
///
///
///
///

STIPULATED PROTECTIVE ORDER - 8
CASE NO. CV 06-1719 JLR
50774946.1

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 447-4400

22. <u>Third Parties</u>.  A third party responding to a subpoena or other process in connection with this Litigation can obtain the protections afforded by this Stipulated Protective Order by stating in writing that it is has reviewed this Order and agrees to be bound by its terms.

IT IS SO ORDERED:

This the _____ day of _____, 2007.

_____
The Honorable James Robart
United States District Court

**AGREED AS TO SUBSTANCE AND FORM AND ENTRY REQUESTED BY:**

DATED this 23rd day of March, 2007.

| FOSTER PEPPER PLLC | DANIELSON HARRIGAN LEYH & TOLLEFSON LLP |
|---|---|
| By: /s/ Tim J. Filer<br>Tim J. Filer, WSBA # 16285<br>Jeffrey S. Miller, WSBA #28077<br>Attorneys for Defendants The Seattle Seahawks, Football Northwest LLC and First & Goal, Inc. | By: /s/ Timothy G. Leyh (per email authorization)<br>Timothy G. Leyh, WSBA #14853<br>Christopher T. Wion, WSBA #33207<br>Attorneys for Plaintiffs Fred and Kathleen Stark |
| COVINGTON & BURLING LLP | BALL JANIK LLP |
| By: /s/ Gregg Levy (per email authorization)<br>Gregg Levy *(admitted pro hac vice)*<br>Paul Ainsworth *(admitted pro hac vice)*<br>Attorneys for Defendants Football Northwest, LLC and First & Goal Inc. | By: /s/ John Dunbar (per email authorization)<br>John Dunbar, WSBA #15509<br>Attorneys for the Washington State Public Stadium Authority |

STIPULATED PROTECTIVE ORDER - 9
CASE NO. CV 06-1719 JLR
50774946.1

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 447-4400