Ainsworth Declaration Exhibit C

Dockets.Justia.com

The Honorable James L. Robart

1

2

3

4

5

6

7

8

9

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| STARK, *et al.* | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. CV06-1719 JLR |
| | ) |
| THE SEATTLE SEAHAWKS, FOOTBALL | ) |
| NORTHWEST, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**THE SEAHAWKS DEFENDANTS' OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION**

Defendants the Seattle Seahawks, Football Northwest LLC, and First & Goal

Inc. (collectively the "Seahawks Defendants") hereby respond to the First Interrogatories and

Requests for Production of Documents served by Plaintiffs Fred and Kathleen Stark on

February 16, 2007.

### GENERAL OBJECTIONS

1.   The Seahawks Defendants object to the Interrogatories and Document

Requests to the extent that they seek information protected by the attorney-client, work

product, common interest or joint defense privilege.

The Seattle Seahawks Defendants Objections and
Responses to Plaintiffs' First Interrogatories and
Requests for Production
Case No. CV06-1719 JLR

**Covington & Burling LLP**
1201 Pennsylvania Ave, NW
Washington, DC 20002
Tel: 202.662.6000  FAX: 202.662.6291

Exhibits to Ainsworth Decl.
Page81

2.   The Seahawks Defendants object to the Interrogatories and Document Requests' definition of the term "Qwest Field" on the ground that it is overbroad, unduly burdensome, and seeks information neither relevant nor likely to lead to the discovery of admissible evidence.  As used in the following responses, the term "Qwest Field" means the football stadium where Seattle Seahawks' home games are now played.

3.   The Seahawks Defendants object to the Interrogatories and Document Requests' instruction relating to the term "identify" on the ground that it is overbroad, unduly burdensome, and seeks information neither relevant nor likely to lead to the discovery of admissible evidence.

4.   The Seahawks Defendants object to the Interrogatories and Document Requests' definition of the term "security" on the ground that it is overbroad, unduly burdensome, and seeks information neither relevant nor likely to lead to the discovery of admissible evidence.  As used in these responses, the term "security" means measures undertaken by or at the direction of the Seahawks Defendants for the purpose of protecting Patrons attending Public Events at Qwest Field from criminals or terrorists.

5.   The Seahawks Defendants object to the definition of the term "pat-down" as vague and overbroad.  Unless otherwise specified, as used in these responses, the term "pat-down" refers to the upper-body physical inspection described in the January 3, 2007 declaration of Milton E. Ahlerich.

6.   The Seahawks Defendants object to the Interrogatories and Document Requests to the extent they purport to impose obligations beyond those set forth in the Federal Rules of Civil Procedure.

The Seattle Seahawks Defendants Objections and
Responses to Plaintiffs' First Interrogatories and
Requests for Production
Case No. CV06-1719 JLR

- 2 -

Covington & Burling LLP
1201 Pennsylvania Ave, NW
Washington, DC 20002
Tel: 202.662.6000  FAX: 202.662.6291

Exhibits to Ainsworth Decl.
Page82

1

2

3

**RESPONSES AND OBJECTIONS TO INTERROGATORIES**

4

5

**INTERROGATORY NO. 1:**  Withdrawn by plaintiffs' February 23, 2007

6

letter.

7

**INTERROGATORY NO. 2:**  Please identify each person partly or wholly

8

responsible for establishing, creating, enforcing, implementing, or overseeing the policies and

9

procedures relating to security at Qwest Field.

10

**ANSWER:**  The following persons and entities have or had responsibility for

11

establishing, creating, or overseeing policies and procedures relating to security at Qwest Field

12

for Seattle Seahawks games.

13

14

Defendant First & Goal Inc.

15

Defendant The Seattle Seahawks, Football Northwest, LLC

16

Paul Schieck
Assistant General Manager, First & Goal Inc.

17

(Primary responsibility for security operations)

18

David Young
Director of Event Services, First & Goal Inc.

19

(Reports to Paul Schieck)

20

Susan Darrington

21

General Manager, First & Goal Inc.
(Immediate supervisor of Paul Schieck)

22

23

The National Football League
280 Park Avenue

24

New York, NY 10017

25

Milton E. Ahlerich

26

Vice President of Security, National Football League

27

Robert F. Agnew

28

The Seattle Seahawks Defendants Objections and
Responses to Plaintiffs' First Interrogatories and
Requests for Production
Case No. CV06-1719 JLR

- 3 -

**Covington & Burling LLP**
1201 Pennsylvania Ave, NW
Washington, DC 20002
Tel: 202.662.6000  FAX: 202.662.6291

Exhibits to Ainsworth Decl.
Page83

1    Security Representative, National Football League

2

3        To the extent that this request seeks additional information, the Seahawks

4    Defendants object on the ground that it is overbroad, unduly burdensome and seeks

5    information that is neither relevant nor likely to lead to the discovery of admissible evidence.

6

7    **INTERROGATORY NO. 3:**  Please describe in detail the policies and

8    procedures in effect at Qwest Field relating to security, terrorist attacks, threats of terrorist

9    attacks, the safety of workers, and/or the safety of Patrons.

10       **ANSWER:**  Pursuant to Fed R. Civ. P. 33(d), in response to this Interrogatory

11   and to the extent such documents have not already been produced, the Seahawks Defendants

12   will produce documents that reflect their policies and procedures relating to security

13   screenings of Patrons attending Seattle Seahawks games, including the Qwest Field and Event

14   Center Life Safety Management Plan.  To the extent that this Interrogatory seeks additional

15   information, the Seahawks Defendants object on the ground that it is overbroad, unduly

16   burdensome and seeks information that is neither relevant nor likely to lead to the discovery of

17

18   admissible evidence.

19       **INTERROGATORY NO. 4:**  Please describe your involvement, if any, in the

20   creation, development, institution, enforcement, or implementation of the policy or procedure

21   requiring "pat-down" searches of individuals attending Seahawks games at Qwest Field.

22

23       **ANSWER:**  The Seahawks Defendants are responsible for implementing the

24   NFL pat-down policy at Seattle Seahawks games held at Qwest Field.  The Seahawks

25   Defendants had no involvement in the creation or development of the NFL pat-down policy.

26   To the extent that this Interrogatory seeks additional information, the Seahawks Defendants

27

28   The Seattle Seahawks Defendants Objections and
     Responses to Plaintiffs' First Interrogatories and               - 4 -
     Requests for Production
     Case No. CV06-1719 JLR

         **Covington & Burling LLP**
         1201 Pennsylvania Ave, NW
         Washington, DC 20002
         Tel: 202.662.6000  FAX: 202.662.6291

object on the ground that it is vague, overbroad, unduly burdensome and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 5:**  Please describe any policies or procedures relating to conducting "pat-down" searches, bag searches, metal detection devices, explosive-sniffing dogs, or other similar security measures for events other than Seahawks games at Qwest Field.

**ANSWER:**  Pat-downs and bag searches are required for all college football games at Qwest Field, including Washington State University football games and the annual "Battle in Seattle" football game between Central Washington University and Western Washington University.  Pat-downs and bag searches may be conducted at other Qwest Field events as determined on an event-by-event basis after consultation with the event promoter. To the extent that this Interrogatory seeks information in addition to that provided in response to this Interrogatory and Interrogatory 3, the Seahawks Defendants object on the ground that it is vague, overbroad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 6:**  Please identify each Public Event which occurred at Qwest Field since July 2002.

**ANSWER:**  Pursuant to Fed. R. Civ. P. 33(d), the Seahawks Defendants will produce documents from which a list of each Public Event held at Qwest Field since July 2002 can be compiled.  To the extent that this Interrogatory seeks additional information, the Seahawks Defendants object on the ground that it is overbroad, unduly burdensome and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.

The Seattle Seahawks Defendants Objections and
Responses to Plaintiffs' First Interrogatories and
Requests for Production
Case No. CV06-1719 JLR

- 5 -

**Covington & Burling LLP**
1201 Pennsylvania Ave, NW
Washington, DC 20002
Tel: 202.662.6000  FAX: 202.662.6291

Exhibits to Ainsworth Decl.
Page85

1    **INTERROGATORY NO. 7:**  For each event identified in response to

2    Interrogatory No. 6, please describe the Patron screening procedures employed, including but

3    not limited to whether bag searches, pat-down searches, explosive-sniffing dogs, metal

4    detection devices were used on Patrons attending the event.

5    **ANSWER:**  To the extent that this Interrogatory seeks information other than

6    that provided in response to Interrogatories 3 and 5, above, the Seahawks Defendants object

7    on the ground that it is overbroad, unduly burdensome, and seeks information that is neither

8    
9    relevant nor likely to lead to the discovery of admissible evidence.

10    **INTERROGATORY NO. 8:**  Withdrawn by plaintiffs' February 23, 2007

11    letter.

12    **INTERROGATORY NO. 9:**  Please identify any and every company,

13    
14    contractor, or subcontractor that is providing, has provided, or with whom you have or have

15    had a contractual agreement to provide security services at Qwest Field, stating for each the

16    specific services provided.

17    **ANSWER:**  The following entities provide or have provided security services

18    at Qwest Field for Public Events:

19    
20                    Staff Pro, Inc.
                    Corporate Office
21                    15272 Newsboy Circle
                    Huntington Beach, CA 92649

22    
23                    ODP, Inc.
                    Larry Harvey
24                    261 East Fairway Drive
                    Allyn, WA 98524

25    
26                    Contemporary Services Corporation
                    10550 Lake City Way NE, Suite D
                    Seattle, WA 98125

27    

28    The Seattle Seahawks Defendants Objections and          - 6 -          **Covington & Burling LLP**
      Responses to Plaintiffs' First Interrogatories and                       1201 Pennsylvania Ave, NW
      Requests for Production                                                  Washington, DC 20002
      Case No. CV06-1719 JLR                                          Tel: 202.662.6000  FAX: 202.662.6291

1
2      Staff Pro, Inc. provides personnel who conduct bag searches and pat-downs at
3  Public Events at Qwest Field; its responsibilities include hiring, training and directly
4  supervising those employees.  Staff Pro, Inc. has performed these services since August 2006.
5  Prior to August 2006, Contemporary Services Corporation provided similar services.
6      ODP, Inc. provides off-duty police officers positioned throughout Qwest Field
7  before and during each Seattle Seahawks game.  The off-duty police officers are available in
8  the event that routine law enforcement matters, such as disorderly conduct by a ticketholder,
9  should arise.  The off-duty officers do not participate, conduct, direct or otherwise assist in the
10  security screening procedures, including the pat-downs; they are positioned at least 25 feet
11  away from the gates.  To the extent that this Interrogatory seeks additional information, the
12  
13  Seahawks Defendants object on the ground that it is overbroad, unduly burdensome and seeks
14  information that is neither relevant nor likely to lead to the discovery of admissible evidence.

15      **INTERROGATORY NO. 10:**  Withdrawn by plaintiffs' February 23, 2007
16  
17  letter.

18      **INTERROGATORY NO. 11:**  Please identify and describe all threats of
19  terrorist or other violent attacks, including but not limited to suicide bomb attacks, against
20  Qwest Field or Patrons or employees at Qwest Field of which you have been informed or of
21  which you have become aware since July 2002.  Such descriptions shall include the date of the
22  threat, the date on which you became aware of such threat, the nature of the threat, and the
23  source of your information regarding such threat.

24      **ANSWER:**  In addition to the substantial threat of terrorism at Qwest Field
25  identified and described in the January 25, 2007 Declaration of Michael Sheehan, the
26
27
28  The Seattle Seahawks Defendants Objections and          **Covington & Burling LLP**
   Responses to Plaintiffs' First Interrogatories and    - 7 -    1201 Pennsylvania Ave, NW
   Requests for Production                                      Washington, DC 20002
   Case No. CV06-1719 JLR                             Tel: 202.662.6000  FAX: 202.662.6291

Exhibits to Ainsworth Decl.
Page87

Seahawks Defendants learned on or about October 17, 2006, of a reported plot to launch a

coordinated attack using "dirty" bombs against seven NFL stadiums, including Qwest Field.

The Seahawks Defendants learned of the report through communications with Milton

Ahlerich, NFL Vice President of Security, who received information from the Federal Bureau

of Investigation.  Several days later, the Seahawks Defendants learned that law enforcement

had determined the plot to be a hoax.   To the extent that this Interrogatory seeks additional

information, the Seahawks Defendants object on the ground that it is overbroad, unduly

burdensome and seeks information that is neither relevant nor likely to lead to the discovery of

admissible evidence.

**INTERROGATORY NO. 12:**  Withdrawn by plaintiffs' February 23, 2007

letter.

**INTERROGATORY NO. 13:**  Withdrawn by plaintiffs' February 23, 2007

letter.

**INTERROGATORY NO. 14:**  Are you aware of any specific instance in

which Qwest Field security personnel have discovered any explosive device or devices at

Qwest Field through "pat-down" searches or any other means?  If so, please describe the facts

and circumstances surrounding such discovery.

**ANSWER:**  To date, the security measures described in response to prior

interrogatories have been successful in ensuring that no explosive device have entered or been

detonated at Qwest Field.

**INTERROGATORY NO. 15:**  Please identify and describe any and all

incidents or reports of violence or threatened violence at Qwest Field of which you are aware

The Seattle Seahawks Defendants Objections and
Responses to Plaintiffs' First Interrogatories and
Requests for Production
Case No. CV06-1719 JLR

- 8 -

**Covington & Burling LLP**
1201 Pennsylvania Ave, NW
Washington, DC 20002
Tel: 202.662.6000  FAX: 202.662.6291

Exhibits to Ainsworth Decl.
Page88

1    which involved the use of firearms, explosives, incendiary devices, weapons of mass

2    destruction or other devices capable of harming large numbers of people.

3          **ANSWER:**  To the extent that this Interrogatory seeks information other than

4    that provided in response to Interrogatory 11, above, the Seahawks Defendants object on the

5    ground that it is duplicative, overbroad, unduly burdensome, and seeks information that is

6

7    neither relevant nor likely to lead to the discovery of admissible evidence.

8          **INTERROGATORY NO. 16:**  Please identify and describe all incidents or

9    reports of violence or threatened violence at any stadium in which a National Football League

10   team plays of which you are aware which involved the use of firearms, explosives, incendiary

11   devices, weapons of mass destruction or other devices capable of harming large numbers of

12   people.

13

14         **ANSWER:**  Aside from the information set forth in the January 25, 2007

15   Declaration of Michael Sheehan, the Seahawks Defendants do not have information about

16   what may have occurred at stadia other than Qwest Field.

17         **INTERROGATORY NO. 17:**  For each incident, event, or threat identified in

18   response to Interrogatories 13, 14, 15 or 16, please describe with particularity your response or

19   the response of any of the defendants in this lawsuit or of the National Football League, if any,

20   to such incident, event or threat.

21

22         **ANSWER:**  In response to this Interrogatory, the Seahawks Defendants

23   incorporate by reference their responses to Interrogatories 3 and 5, above, as well as the

24   Declarations of Michael Sheehan and Milton Ahlerich previously provided to plaintiffs'

25   counsel.  To the extent that this Interrogatory seeks additional information, the Seahawks

26

27

28   The Seattle Seahawks Defendants Objections and          - 9 -          **Covington & Burling LLP**
     Responses to Plaintiffs' First Interrogatories and                    1201 Pennsylvania Ave, NW
     Requests for Production                                               Washington, DC 20002
     Case No. CV06-1719 JLR                                       Tel: 202.662.6000  FAX: 202.662.6291

1  Defendants object on the ground that it is overbroad, unduly burdensome, and seeks

2  information that is neither relevant nor likely to lead to the discovery of admissible evidence.

3  **INTERROGATORY NO. 18:**  Please describe the nature and extent of your

4  authority relating to security measures at Qwest Field, including but not limited to conducting

5  pat-down or other searches of Patrons attending events at Qwest Field.

6

7  **ANSWER:**  As the master tenant under its Master Lease Agreement with

8  Washington Public Stadium Authority,  First & Goal Inc. has "[w]ithout limitation … the

9  exclusive power and authority to possess, operate, use, sublease and enter into use, license,

10  concession, and other agreements with respect to" Qwest Field.   Master Lease Agreement, §

11  2.1.  Therefore, First & Goal Inc.'s authority relating to stadium operations, including all

12  security measures, is plenary.  With respect to Seattle Seahawks games in particular, the

13  Seahawks Defendants have exclusive authority to set conditions for admission.  Tickets to

14  Seattle Seahawks games are revocable licenses and, as stated on the back of each ticket:

15

16  > Admission may be refused or ticker holder ejected at the sole
   > discretion of the Seattle Seahawks and/or First & Goal, master tenant of

17  > Qwest Field, subject to refund, or without refund if the ticket holder is
   > deemed to be disorderly, or fails to comply with these terms, the Fan

18  > Code of Conduct or any and all security measures.

19

20  **INTERROGATORY NO. 19:**  Withdrawn by plaintiffs' February 23, 2007

21  letter.

22  **INTERROGATORY NO. 20:**  Identify the date and from whom you first

23  learned that the NFL had adopted a policy requiring pat-down searches of all Patrons at NFL

24  games.  Identify the date and from whom you first learned that the NFL's pat-down policy

25  would be implemented at Qwest Field.

26

27

28  The Seattle Seahawks Defendants Objections and
    Responses to Plaintiffs' First Interrogatories and
    Requests for Production
    Case No. CV06-1719 JLR

- 10 -

**Covington & Burling LLP**
1201 Pennsylvania Ave, NW
Washington, DC 20002
Tel: 202.662.6000  FAX: 202.662.6291

Exhibits to Ainsworth Decl.
Page90

1    **ANSWER:**  The Seahawks Defendants were informed by memorandum from

2    NFL Commissioner Paul Tagliabue on August 18, 2005, that an upper-body pat-down would

3    be required of all Patrons entering NFL stadia on game day.   On August 24, 2005, the

4    Seahawks Defendants received more detailed information relating to the pat-down procedure

5    from Milton Ahlerich, NFL Vice President of Security.

6    **INTERROGATORY NO. 21:**  Please describe the various levels of security

7    alert at Qwest Field (i.e., "yellow", "orange", etc…) and, for each level, identify the specific

8    time periods (by date) during which each such alert level was in effect.

9    

10   **ANSWER:**  The Seahawks Defendants have produced a document, bearing

11   Bates numbers FGI 0030-31, that identifies two Fan Screening Levels that potentially may be

12   used at Seattle Seahawks games.  The "yellow" level is currently used at Qwest Field.   The

13   "orange" level may be used in the event that the United States Department of Homeland

14   Security raises the Threat Advisory Level or other circumstances arise that warrant increased

15   security.  Throughout the 2005 and 2006 NFL seasons, the alert level was "yellow."  To the

16   extent that this Interrogatory seeks additional information, the Seahawks Defendants object on

17   the ground that it is vague, overbroad, unduly burdensome and seeks information that is

18   neither relevant nor likely to lead to the discovery of admissible evidence.

19   **INTERROGATORY NO. 22:**  If there has ever been a change in the level of

20   alert at Qwest Field, please describe the reason for the change, identify the person who

21   directed that the alert level be changed, and identify each event or communication relied upon

22   as a basis for that change.

23   **ANSWER:**  There has never been a change in the level of alert at Qwest Field.

The Seattle Seahawks Defendants Objections and
Responses to Plaintiffs' First Interrogatories and
Requests for Production
Case No. CV06-1719 JLR

- 11 -

**Covington & Burling LLP**
1201 Pennsylvania Ave, NW
Washington, DC 20002
Tel: 202.662.6000  FAX: 202.662.6291

Exhibits to Ainsworth Decl.
Page91

1     **INTERROGATORY NO. 23:** Withdrawn by plaintiffs' February 23, 2007

2   letter.

3     **INTERROGATORY NO. 24:** Explain why full-body pat-downs are not

4   conducted at Qwest Field and at other venues where NFL games are played.

5     **ANSWER:**   In response to this Interrogatory, the Seahawks Defendants state

6   that plaintiffs' premise -- the premise of this Interrogatory -- is incorrect.  Full body pat-down

7   searches have been conducted at other venues where NFL games are played, including every

8   venue since and including 2002 that has hosted a Super Bowl.

9     **INTERROGATORY NO. 25:**  Please identify the number of people arrested

10   and the number of people refused access to Qwest Field as a result of the pat-down screening

11   at Seahawks games.

12     **ANSWER:**  As far as the Seahawks Defendants are aware, no one has been

13   arrested as a result of pat-downs at Seahawks games.  In addition, no one has been refused

14   access to Qwest Field as a result of pat-downs at Seahawks games.

15     **INTERROGATORY NO. 26:**  Have the security screeners at Qwest Field

16   ever found any contraband as a result of the "pat-down" searches during the 2005 and 2006

17   seasons?  If so, describe the contraband and the action taken by the screeners upon finding

18   such contraband.

19     **ANSWER:**  The security screening process at Qwest Field, including pat-

20   downs, bag searches, and visual inspections, have identified items that are prohibited from

21   being brought into the stadium.  These items include knives, alcohol, and noisemakers.  If a

22   prohibited item is discovered by a security screener, the person carrying the prohibited item is

23   given the option of discarding or returning the item to his vehicle.

The Seattle Seahawks Defendants Objections and
Responses to Plaintiffs' First Interrogatories and          - 12 -
Requests for Production
Case No. CV06-1719 JLR

**Covington & Burling LLP**
1201 Pennsylvania Ave, NW
Washington, DC 20002
Tel: 202.662.6000  FAX: 202.662.6291

Exhibits to Ainsworth Decl.
Page92

**INTERROGATORY NO. 27:** Who pays for security at Qwest Field? For each of the 2005 and 2006 seasons (including pre and post-season games), how much did it cost to have pat-down screeners at Seahawks home games?

**ANSWER:** The Seahawks Defendants pay for security at Qwest Field for pre-season and regular season Seattle Seahawks games. Security costs for any post-season games played at Qwest Field are paid by the Seahawks Defendants and reimbursed by the National Football League. To the extent that this Interrogatory seeks additional information, the Seahawks Defendants object on the ground that it is overbroad, unduly burdensome and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 28:** Identify the number of Patrons who have complained about the pat-down policy at Qwest Field. Please describe the procedure, if any, by which security screeners conducting pat-downs handle and report such complaints.

**ANSWER:** The Seahawks Defendants object to this Interrogatory on the grounds that the term "complaints" is vague and overbroad, and on the ground that it seeks information neither relevant nor likely to lead to the discovery of admissible evidence. The Seahawks Defendants have received "complaints" about the pat-down procedures that have nothing to do with the issues in this case. For example, some patrons have "complained" that the lines created by the pat-down policy are too long, that there are not enough female screeners to screen female patrons, or that the pat-downs should be more extensive. Notwithstanding this objection, the Defendants Seahawks state that over the course of the 2005 and 2006 seasons, during which 1,209,913 persons participated in the pat-down procedures as a condition of admission to Seahawks games at Qwest Field, the Seahawks

The Seattle Seahawks Defendants Objections and
Responses to Plaintiffs' First Interrogatories and
Requests for Production
Case No. CV06-1719 JLR

- 13 -

Covington & Burling LLP
1201 Pennsylvania Ave, NW
Washington, DC 20002
Tel: 202.662.6000  FAX: 202.662.6291

Exhibits to Ainsworth Decl.
Page93

Defendants received approximately 25 "complaints" of all kinds, including the kinds listed above, about the pat-down procedures.

In further response to this Interrogatory, the Seahawks Defendants state that screeners are trained to contact a supervisor if a ticketholder objects to the pat-down procedure. Supervisors are trained to respond to questions from ticketholders regarding the pat-down policy. In the event a ticketholder chooses not to participate in the pat-down procedure, supervisors are trained to direct the ticketholder to the Seattle Seahawks ticket office for a refund.

To the extent that this Interrogatory seeks additional information, the Seahawks Defendants object on the ground that it is overbroad, unduly burdensome and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 29:** Identify each Public Event, and the venue where that event took or takes place, for which all patrons, to your knowledge, were or are subjected to an upper body pat-down as a condition of entry.

**ANSWER:** The Seahawks Defendants object to this Interrogatory on the ground that it is vague, overbroad, and unduly burdensome. The Seahawks Defendants are not aware of every venue where pat-downs were or are required as a condition of entry, but such venues include every venue at which NFL games are played.

**INTERROGATORY NO. 30:** Identify each Public Event, and the venue where that event took or takes place, for which all patrons, to your knowledge, were or are subjected to a full body pat-down as a condition of entry.

**ANSWER:** The Seahawks Defendants object to this Interrogatory on the ground that it is vague, overbroad, and unduly burdensome. The Seahawks Defendants are not

Covington & Burling LLP
1201 Pennsylvania Ave, NW
Washington, DC 20002
Tel: 202.662.6000 FAX: 202.662.6291

Exhibits to Ainsworth Decl.
Page94

aware of every venue where full body pat-downs were or are required as a condition of entry, but such venues include every venue at which the Super Bowl has been played since and including 2002.

**INTERROGATORY NO. 31:**  Identify all communications, and the participants to those communications, relating to the impact or potential impact of increased security or the implementation of the pat-down policy at Qwest Field or other NFL stadiums on any insurance premiums for any policy for which a defendant or the NFL is a named insured.

**ANSWER:**  The Seahawks Defendants object to this Interrogatory on the ground that it is overbroad, unduly burdensome, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 32:**  Describe the relationship between and among defendants First & Goal, Inc., Football Northwest, LLC, and the Public Stadium Authority.

**ANSWER:**  First & Goal Inc. and Football Northwest, LLC, are corporate entities under common ownership and control.  First & Goal, Inc., as lessee, and the Public Stadium Authority, as lessor, are parties to a commercial Master Lease Agreement for Qwest Field, which has already been produced by Defendant PSA.

The Seattle Seahawks Defendants Objections and
Responses to Plaintiffs' First Interrogatories and
Requests for Production
Case No. CV06-1719 JLR

- 15 -

**Covington & Burling LLP**
1201 Pennsylvania Ave, NW
Washington, DC 20002
Tel: 202.662.6000  FAX: 202.662.6291

Exhibits to Ainsworth Decl.
Page95

## RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**  Please produce all documents relating to policies and procedures for security at Qwest Field since 2002, including but not limited to policies and procedures for searching or screening patrons attending events at Qwest Field.

      **RESPONSE:**   In response to this request, the Seahawks Defendants have undertaken a reasonable search for documents sufficient to show their policies and procedures for screening Patrons attending Seattle Seahawks games since 2002.  To the extent that such documents have been identified and have not already been produced, the Seahawks Defendants will produce such documents.  To the extent that this Request calls for a more extensive search or for the production of additional documents, the Seahawks Defendants object on the grounds that it is vague, overbroad, unduly burdensome, and seeks documents neither relevant nor likely to lead to the discovery of admissible evidence.

      **REQUEST FOR PRODUCTION NO. 2:**  Please produce all documents relating to security, terrorist attacks, threats of terrorist attacks, the safety of workers, and/or the safety of Patrons at Qwest Field.

      **RESPONSE:**   The Seahawks Defendants have undertaken a reasonable search for documents relating to Patron security at Seattle Seahawks games, terrorist attacks at Qwest Field, or threats of terrorist attacks at Qwest Field.  To the extent that such documents have been identified and have not already been produced, the Seahawks Defendants will produce such documents.  To the extent that this Request calls for a more extensive search or for the production of additional documents, the Seahawks Defendants object on the grounds that it is

The Seattle Seahawks Defendants Objections and
Responses to Plaintiffs' First Interrogatories and
Requests for Production
Case No. CV06-1719 JLR

- 16 -

**Covington & Burling LLP**
1201 Pennsylvania Ave, NW
Washington, DC 20002
Tel: 202.662.6000 FAX: 202.662.6291

Exhibits to Ainsworth Decl.
Page96

vague, overbroad, unduly burdensome, and seeks documents neither relevant nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 3:** Please produce all documents, including correspondence, relating to the creation, development, institution, enforcement, or implementation of the policy or procedure requiring "pat-down" searches of individuals attending Seahawks games at Qwest Field.

**RESPONSE:** The Seahawks Defendants have undertaken a reasonable search for documents responsive to this Request. To the extent that such non-privileged, non-protected documents have been identified and have not already been produced, they will be produced.

**REQUEST FOR PRODUCTION NO. 4:** Please produce all documents relating to conducting "pat-down" searches, bag searches, metal detection devices, explosive-sniffing dogs, or other similar security measures for events at Qwest Field.

**RESPONSE:** The Seahawks Defendants have undertaken a reasonable search for documents responsive to this Request relating to security measures at Seahawks games at Qwest Field. To the extent that such documents have been identified and have not already been produced, the Seahawks Defendants will produce responsive, non-privileged documents. To the extent that this Request calls for a more extensive search or for the production of additional documents, the Seahawks Defendants object on the grounds that it is vague, overbroad, unduly burdensome, and seeks documents neither relevant nor likely to lead to the discovery of admissible evidence.

The Seattle Seahawks Defendants Objections and
Responses to Plaintiffs' First Interrogatories and
Requests for Production
Case No. CV06-1719 JLR

- 17 -

Covington & Burling LLP
1201 Pennsylvania Ave, NW
Washington, DC 20002
Tel: 202.662.6000  FAX: 202.662.6291

Exhibits to Ainsworth Decl.
Page97

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**REQUEST FOR PRODUCTION NO. 5:** Please produce all documents relating to the training, supervision, screening, or employment of individuals conducting customer screening services for Patrons attending events at Qwest Field.

**RESPONSE:** The Seahawks Defendants have undertaken a reasonable search for documents responsive to this Request relating to training, supervision, screening or employment of individuals conducting pat-downs at Seahawks games at Qwest Field. To the extent that such non-privileged, non-protected documents have been identified and have not already been produced, the Seahawks Defendants will them. To the extent that this Request calls for a more extensive search or for the production of additional documents, the Seahawks Defendants object on the grounds that it is vague, overbroad, unduly burdensome, and seeks documents neither relevant nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 6:** Please produce all contracts or agreements relating to any company, contractor, or subcontractor that is providing, has provided, or with whom you have or have had a contractual agreement to provide security services at Qwest Field identified in response to Interrogatory No. 9.

**RESPONSE:** In response to this Request, the Seahawks Defendants have undertaken a reasonable search for responsive documents. To the extent that such documents have been identified, they will be produced.

**REQUEST FOR PRODUCTION NO. 7:** Please produce all documents relating to any threats of terrorist or other violent attacks, including but not limited to suicide bomb attacks, against Qwest Field or Patrons or employees at Qwest Field identified in response to Interrogatory No. 11.

The Seattle Seahawks Defendants Objections and
Responses to Plaintiffs' First Interrogatories and
Requests for Production
Case No. CV06-1719 JLR

- 18 -

**Covington & Burling LLP**
1201 Pennsylvania Ave, NW
Washington, DC 20002
Tel: 202.662.6000  FAX: 202.662.6291

Exhibits to Ainsworth Decl.
Page98

**RESPONSE:** In response to this Request, the Seahawks Defendants have undertaken a reasonable search for responsive documents. To the extent that such documents have been identified and have not already been produced, they will be produced.

**REQUEST FOR PRODUCTION NO. 8:** Please produce all documents relating to any specific instance of planned or an attempted terrorist bomb attack at Qwest Field identified in response to Interrogatory No. 13.

**RESPONSE:** Interrogatory No. 13 was withdrawn by plaintiffs' February 23, 2007 letter.

**REQUEST FOR PRODUCTION NO. 9:** Please produce all documents relating to any specific instance in which Qwest Field security personnel have discovered any explosive device or devices at Qwest Field through pat-down searches or any other means identified in response to Interrogatory No. 14.

**RESPONSE:** In light of the Seahawks Defendants' response to Interrogatory No. 14, there are no responsive documents.

**REQUEST FOR PRODUCTION NO. 10:** Please produce all documents relating to any incidents or reports of violence or threatened violence at Qwest Field of which you are which involved the use of firearms, explosives, incendiary devices, weapons of mass destruction or other devices capable of harming large numbers of people identified in response to Interrogatory No. 15.

**RESPONSE:** In response to this Request, the Seahawks Defendants have undertaken a reasonable search and have not identified any responsive documents.

**REQUEST FOR PRODUCTION NO. 11:** Please produce all contracts, agreements or other documents relating to security requirements imposed upon or applicable

The Seattle Seahawks Defendants Objections and
Responses to Plaintiffs' First Interrogatories and
Requests for Production
Case No. CV06-1719 JLR

- 19 -

**Covington & Burling LLP**
1201 Pennsylvania Ave, NW
Washington, DC 20002
Tel: 202.662.6000  FAX: 202.662.6291

Exhibits to Ainsworth Decl.
Page99

1    to any person or entity contracting to use Qwest Field for the purposes of holding sporting

2    events or competitions, concerts or other events open to the general public.

3             **RESPONSE:** The Seahawks Defendants object to this Request on the ground

4    that it is overbroad, unduly burdensome and seeks information that is neither relevant nor

5

6    likely to lead to the discovery of admissible evidence.

7             **REQUEST FOR PRODUCTION NO. 12:** Please produce written reports

8    containing the information required to be included in such reports by F.R.C.P. 26 relating to

9    any expert whom you expect to call as a witness at trial, along with copies of all documents

10   provided to such experts to the extent such documents have not been produced in response to a

11   Request for Production herein.

12           **RESPONSE:** To the extent that information required by Rule 26 has not been

13

14   included in the Declarations of experts expected to be called as witnesses at trial, the

15   Seahawks Defendants will make that information available to plaintiffs' counsel. Copies of

16   any document upon which any expert relied that has not otherwise been made available will

17   also be produced. To the extent that this request calls for any additional documents, the

18   Seahawks Defendants object on the ground that it is overbroad and unduly burdensome and

19   seeks documents neither relevant nor likely to lead to the discovery of admissible evidence.

20           **REQUEST FOR PRODUCTION NO. 13:** Please produce all documents

21

22   relating to any analysis, review, study, or consideration relating to the policy requiring pat-

23   down searches of patrons entering Qwest Field for Seahawks games.

24           **RESPONSE:** In response to this Request, the Seahawks Defendants have

25   undertaken a reasonable search and have not identified any responsive documents.

26

27

28   <small>The Seattle Seahawks Defendants Objections and Responses to Plaintiffs' First Interrogatories and Requests for Production Case No. CV06-1719 JLR</small>

**Covington & Burling LLP**
1201 Pennsylvania Ave, NW
Washington, DC 20002
Tel: 202.662.6000  FAX: 202.662.6291

Exhibits to Ainsworth Decl.
Page100

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**REQUEST FOR PRODUCTION NO. 14:**  Please produce all documents and communications between or among you, the Public Stadium Authority or the National Football League, or any other person relating to this lawsuit or to the policy requiring pat-down searches of Patrons entering Qwest Field for Seahawks games.

**RESPONSE:**  In response to this Request, the Seahawks Defendants have undertaken a reasonable search for documents constituting to communications between the Seahawks Defendants, the NFL, and/or PSA relating to the pat-down policy for Seattle Seahawks games.  To the extent any such non-privileged, non-protected documents have been identified, they will be produced.  To the extent that this Request seeks the production of any additional documents, the Seahawks Defendants object on the ground that it is overbroad, unduly burdensome, and seeks documents neither relevant nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 15:**  Please produce all documents relating to any analysis, review, study or consideration of alternative measures you have considered for screening Patrons entering Qwest Field.

**RESPONSE:**  In light of the fact that pat-downs are required for all NFL games at Qwest Field, the Seahawks Defendants have not undertaken any analysis, review, study or consideration of alternative measures for screening patrons at Seahawks games, and there are no such responsive documents.  To the extent that this Request seeks the production of any additional documents, the Seahawks Defendants object on the grounds that it is overbroad, unduly burdensome, and seeks documents neither relevant nor likely to lead to the discovery of admissible evidence.

The Seattle Seahawks Defendants Objections and
Responses to Plaintiffs' First Interrogatories and
Requests for Production
Case No. CV06-1719 JLR

- 21 -

**Covington & Burling LLP**
1201 Pennsylvania Ave, NW
Washington, DC 20002
Tel: 202.662.6000  FAX: 202.662.6291

Exhibits to Ainsworth Decl.
Page101

**REQUEST FOR PRODUCTION NO. 16:**  Please produce all documents relating to any agreement between or among you, the Public Stadium Authority or the National Football League, or any other person to indemnify, hold harmless, pay defense costs for or otherwise pay any loss, judgment, or expenses you may suffer as a result of this lawsuit.

**RESPONSE:**  The Seahawks Defendants object to this Request on the ground that it is overbroad, unduly burdensome and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 17:**  Please produce all correspondence between or among you and counsel for the Public Stadium Authority and all correspondence between you and counsel for the National Football League.

**RESPONSE:**  The Seahawks Defendants object to this Request on the ground that it is overbroad, unduly burdensome and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.  The Seahawks Defendants also object to this Request to the extent it seeks documents and communications that are subject to the attorney-client privilege, work-product privilege, common interest privilege or joint defense privilege.

**REQUEST FOR PRODUCTION NO. 18:**  Please produce all documents evidencing training materials, training manuals, or other materials used to train personnel providing security services at Qwest Field.

**RESPONSE:**  In response to this Request, the Seahawks Defendants have undertaken a reasonable search for training materials and manuals for persons conducting pat-downs at Seattle Seahawks games.   To the extent that such documents have been identified

The Seattle Seahawks Defendants Objections and
Responses to Plaintiffs' First Interrogatories and
Requests for Production
Case No. CV06-1719 JLR

- 22 -

**Covington & Burling LLP**
1201 Pennsylvania Ave, NW
Washington, DC 20002
Tel: 202.662.6000  FAX: 202.662.6291

Exhibits to Ainsworth Decl.
Page102

1     and have not already been produced, the Seahawks Defendants will produce responsive, non-

2     privileged documents.

3             **REQUEST FOR PRODUCTION NO. 19:**  Please produce all documents

4     evidencing any policies, procedures, requirements or practice for conducting background

5     checks for any personnel having access to Qwest Field, including but not limited to

6     background checks for employees of the Public Stadium Authority, First & Goal, Inc.,

7     Football Northwest, LLC, and the National Football League.

8     
9             **RESPONSE:**  The Seahawks Defendants object to this Request on the ground

10    that it is overbroad, unduly burdensome and seeks information that is neither relevant nor

11    likely to lead to the discovery of admissible evidence.   Nonetheless, and without waiving that

12    objection, in response to this Request, the Seahawks Defendants have undertaken a reasonable

13    search for responsive documents.  To the extent that such documents have been identified and

14    have not already been produced, they will be produced.

15    
16            **REQUEST FOR PRODUCTION NO. 20:**  Please produce all videos,

17    photographs, or other media in your possession showing, documenting, or memorializing

18    security screening procedures at Qwest Field, including but not limited to procedures for

19    searching Patrons entering Qwest Field, procedures for searching employees entering Qwest

20    Field, procedures for detecting explosive devices and other weapons, and procedures to

21    prevent unauthorized access to Qwest Field.

22    
23            **RESPONSE:**  In response to this Request, the Seahawks Defendants have

24    undertaken a reasonable search for videos, photographs and similar media prepared for the

25    purpose of showing, documenting, or memorializing security screening procedures at Qwest

26    Field and have not identified any responsive documents.  To the extent this Request seeks

27    
28    

The Seattle Seahawks Defendants Objections and
Responses to Plaintiffs' First Interrogatories and
Requests for Production
Case No. CV06-1719 JLR

- 23 -

**Covington & Burling LLP**
1201 Pennsylvania Ave, NW
Washington, DC 20002
Tel: 202.662.6000  FAX: 202.662.6291

additional documents, the Seahawks Defendants object to this Request on the ground that it is overbroad, unduly burdensome and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 21:** Please provide documents evidencing the cost of security measures taken to screen or search Patrons (or their bags or possessions) entering Qwest Field for each year beginning in 2002.

**RESPONSE:** The Seahawks Defendants object to this Request on the ground that it is overbroad, unduly burdensome and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 22:** Please produce all documents relating to policies, procedures or practices to conduct background searches or other screening measures on personnel who provide security services at Qwest Field.

**RESPONSE:** The Seahawks Defendants object to this Request on the ground that it is overbroad, unduly burdensome and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. Nonetheless, and without waiving this objection, in response to this Request, the Seahawks Defendants have undertaken a reasonable search for responsive documents. To the extent that such documents have been identified and have not already been produced, they will be produced.

**REQUEST FOR PRODUCTION NO. 23:** Please produce any and all contracts or agreements between and/or among any of defendants, the NFL, and any third-party provider of security services (including, but not limited to, Guardsmark and any other provider of security consulting services) since 2002.

The Seattle Seahawks Defendants Objections and
Responses to Plaintiffs' First Interrogatories and
Requests for Production
Case No. CV06-1719 JLR

- 24 -

**Covington & Burling LLP**
1201 Pennsylvania Ave, NW
Washington, DC 20002
Tel: 202.662.6000  FAX: 202.662.6291

Exhibits to Ainsworth Decl.
Page104

**RESPONSE:** In response to this Request, the Seahawks Defendants have undertaken a reasonable search for contracts between or among any of defendants or the NFL, on the one hand, and any third party provider of security services, on the other. Any responsive documents identified in response to this Request will be produced. To the extent this Request seeks additional documents, the Seahawks Defendants object to this Request on the ground that it is overbroad, unduly burdensome and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 24:** Please produce any and all documents and communications internal to, between and/or among any of the defendants, the NFL, and any third-party provider of security services (including, but not limited to, Guardsmark and any other provider of security consulting services) since 2002, relating to security at Qwest Field, including but not limited to, internal and third-party security audits. This request applies not only to documents and communications directed specifically to Qwest Field, but also to those relating to NFL stadiums in general.

**RESPONSE:** In response to this Request, the Seahawks Defendants have undertaken a reasonable search for internal documents, or documents between or among the defendants, on the one hand, and the NFL or any third party provider of security services, on the other, relating to pat-downs or the threat of a terrorist incident at Qwest Field. Any responsive documents identified in that search will be produced. To the extent this Request seeks additional documents, the Seahawks Defendants object to this Request on the ground that it is overbroad, unduly burdensome and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.

The Seattle Seahawks Defendants Objections and
Responses to Plaintiffs' First Interrogatories and
Requests for Production
Case No. CV06-1719 JLR

\- 25 -

**Covington & Burling LLP**
1201 Pennsylvania Ave, NW
Washington, DC 20002
Tel: 202.662.6000  FAX: 202.662.6291

Exhibits to Ainsworth Decl.
Page105

**REQUEST FOR PRODUCTION NO. 25:**  Please produce any and all communications internal to, between and/or among any of defendants, the NFL, and any third-party provider of security services (including, but not limited to, Guardsmark and any other provider of security consulting services) since 2002, relating to each specific terrorist attack that formed the basis for implementation of the NFL mandated pat-down policy at Qwest Field.

**RESPONSE:**  In response to this Request, the Seahawks Defendants have undertaken a reasonable search for internal documents, or documents between or among the defendants, on the one hand, and the NFL or any third party provider of security services, on the other, relating to the basis for the NFL mandated pat-down policy.   Any responsive documents identified in that search will be produced.   To the extent this Request seeks additional documents, the Seahawks Defendants object to this Request on the ground that it is overbroad, unduly burdensome and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 26:**  Please produce a list of Seahawks season ticket prices for each season beginning with the 2002 season.

**RESPONSE:**  Set for below is the range of general admission ticket prices for the 2002-2007 seasons:

2002:  $20 - 280

2003:  $23 - 280

2004:  $20 - 280

2005:  $23 - 288

2006:  $29 - 305

The Seattle Seahawks Defendants Objections and
Responses to Plaintiffs' First Interrogatories and
Requests for Production
Case No. CV06-1719 JLR

- 26 -

**Covington & Burling LLP**
1201 Pennsylvania Ave, NW
Washington, DC 20002
Tel: 202.662.6000  FAX: 202.662.6291

2007:  $33 - 320

**REQUEST FOR PRODUCTION NO. 27:**  Please produce all documents relating to the issue of Patrons bringing alcoholic beverages into Qwest Field or other NFL stadiums and/or the resulting impact on sales of alcoholic beverages within such stadiums.

**RESPONSE:**  The Seahawks Defendants object to this Request on the ground that it is overbroad, unduly burdensome and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 28:**  Please produce a list of Seahawks season ticket holders for the 2005 and 2006 seasons.

**RESPONSE:**  The Seahawks Defendants object to this Request on the ground that it is overbroad, unduly burdensome and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 29:**  Produce each insurance policy covering any period between January 1, 2002 to the present on which any defendant or the NFL is a named insured.

**RESPONSE:**  The Seahawks Defendants object to this Request on the ground that it is overbroad, unduly burdensome and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 30:**  Please produce any and all contracts or agreements between and/or among any defendants and/or the NFL.

**RESPONSE:**  In response to this Request, the Seahawks Defendants will produce a copy of the NFL Constitution and Bylaws.  To the extent that this Request seeks any additional documents, the Seahawks Defendants object on the ground that it is overbroad,

The Seattle Seahawks Defendants Objections and
Responses to Plaintiffs' First Interrogatories and
Requests for Production
Case No. CV06-1719 JLR

- 27 -

**Covington & Burling LLP**
1201 Pennsylvania Ave, NW
Washington, DC 20002
Tel: 202.662.6000  FAX: 202.662.6291

Exhibits to Ainsworth Decl.
Page107

1    unduly burdensome and seeks information that is neither relevant nor likely to lead to the

2    discovery of admissible evidence.

3                                                Respectfully submitted,

4

5

6    *Of Counsel:*                              Jeffrey Miller

7    Gregg H. Levy                              Timothy Filer
     Paul A. Ainsworth                          FOSTER PEPPER PLLC

8    COVINGTON & BURLING LLP                    1111 Third Avenue, Suite 3400
     1201 Pennsylvania Ave, NW                  Seattle, WA 98101

9    Washington, DC 20004                       tel: 206.447.4400
     tel: 202.662.6000                          fax: 206.447.9700

10   fax: 202.662.6291                          *Counsel for Defendants The Seattle Seahawks,*
                                                *Football Northwest LLC and First & Goal,*
11                                              *Inc.*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The Seattle Seahawks Defendants Objections and
Responses to Plaintiffs' First Interrogatories and       - 28 -
Requests for Production
Case No. CV06-1719 JLR

**Covington & Burling LLP**
1201 Pennsylvania Ave, NW
Washington, DC 20002
Tel: 202.662.6000  FAX : 202.662.6291

Exhibits to Ainsworth Decl.
Page108

# CERTIFICATION

Paul Schieck certifies as follows:

1. I am the Assistant General Manager for First & Goal Inc.

2. The factual information contained in the foregoing Defendants the Seattle Seahawks Objections and Responses to Plaintiffs First Set of Interrogatories is true and correct to the best of my knowledge and belief, based upon information available to me.

_____
Paul Schieck

March 19, 2007

The Seattle Seahawks Defendants Objections and
Responses to Plaintiffs' First Interrogatories and
Requests for Production
Case No. CV06-1719 JLR

- 29 -

**Covington & Burling LLP**
1201 Pennsylvania Ave, NW
Washington, DC 20002
Tel: 202.662.6000 FAX: 202.662.6291

1

## CERTIFICATE OF SERVICE

2          I HEREBY CERTIFY that on this 19th day of March, 2007, a copy of the

3    foregoing was sent to all counsel for the parties in the manner indicated below:

4
           By Federal Express and Electronic Mail
5          Timothy G. Leyh, Esq.
           Christopher T. Wion, Esq.
6          Danielson Harrigan Leyh & Tollefson LLP
           999 Third Avenue, Suite 4400
7          Seattle, WA 98104
           *timl@dhlt.com*
8          *chrisw@dhlt.com*
           Counsel for Plaintiffs
9

10         By Federal Express and Electronic Mail
           John Dunbar, Esq.
11         Ball Janik LLP
           101 Southwest Main Street, Suite 1100
12         Portland, OR 97204
           *JDunbar@balljanik.com*
13         Counsel for Defendants Washington
           Public Stadium Authority and Lorraine Hine
14

15

16

17         Paul A. Ainsworth
           COVINGTON & BURLING LLP
18         1201 Pennsylvania Ave, NW
           Washington, DC 20004
19         Counsel for Defendants The Seattle
           Seahawks, Football Northwest LLC, and
20         First & Goal Inc.

21

22

23

24

25

26

27

28