THE HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRED and KATHLEEN STARK, a married couple,<br><br>    Plaintiffs,<br><br>    v.<br><br>THE SEATTLE SEAHAWKS, FOOTBALL NORTHWEST, LLC, a Washington limited liability company, FIRST & GOAL, INC., a Washington corporation, THE WASHINGTON STATE PUBLIC STADIUM AUTHORITY, a Washington municipal corporation, and LORRAINE HINE, in her capacity as chair of the Washington State Public Stadium Authority board of directors,<br><br>    Defendants. | Case No. CV06 1719 JLR<br><br>**DECLARATION OF ANN KAWASAKI ROMERO IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANTS PSA AND HINE** |

I, Ann Kawasaki Romero, declare and state:

1. I am over the age of 21 years and otherwise competent to make this declaration. I make this declaration on personal knowledge of the facts set forth in this declaration, unless expressly indicated otherwise.

Page 1 - DECLARATION OF ANN KAWASAKI ROMERO IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANTS PSA AND HINE, Case No. CV06 1719 JLR
::ODMA\PCDOCS\PORTLAND\562359\1

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

## I. Background

2. I am Executive Director of the Public Stadium Authority ("PSA"). I was previously the Deputy Executive Director of the PSA and Director of Finance and Operations for the Washington State Major League Baseball Stadium Public Facilities District. I also served as the acting Director of the Kingdome, Deputy Director of the King County Department of Public Works, and the Kingdome's Finance and Administration Manager.

3. In my role as Executive Director of the PSA, I serve as staff liaison to the PSA Board of Directors, develop policy options for Board consideration, and lead the PSA's intergovernmental relations to ensure strong coordination with other jurisdictions. In addition, I monitor the PSA's Master Lease Agreement with First & Goal, Inc. ("FGI").

4. I have a master's degree in public administration from the University of Washington.

## II. Qwest Field

5. PSA is the owner of Qwest Field & Event Center (or "Qwest Field"). Qwest Field cost approximately $430 million dollars to build and develop, including a $300 million investment of public funds as authorized by the Stadium and Exhibition Center Financing Act. FGI has paid the balance of the development costs. Pursuant to statute and an agreement between FGI and PSA, FGI also acts as PSA's sales agent for personal seat licenses. (In the Act, a seat license is defined as entitling the third party purchaser to purchase a season ticket to professional football games of the professional football team played in the stadium and exhibition center for so long as the team plays its games in that facility. In lay terms, my general understanding is that a seat license gives the purchaser a right to purchase season tickets during specific years for specific seats.) In addition, the Master Lease provides that FGI acts as PSA's agent in the sale of special naming rights for Qwest Field. Aside from these very limited and narrow roles, FGI has never acted as PSA's agent.

Page 2 - **DECLARATION OF ANN KAWASAKI ROMERO IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANTS PSA AND HINE**, Case No. CV06 1719 JLR
::ODMA\PCDOCS\PORTLAND\562359\1

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

1  6. As provided in the Stadium and Exhibition Center Act, PSA and FGI entered into a master lease agreement, dated November 28, 1998 (the "Master Lease"). Under the Master Lease, FGI is the "sole master tenant" of Qwest Field. Attached as Exhibit A to this declaration is a true and correct copy of the Master Lease and its subsequent amendments.

7. The Master Lease grants FGI "exclusive power and authority" to possess, operate, use, and sublease Qwest Field. Ex. A, §§ 2, 19. FGI is the sole and exclusive operator of Qwest Field. FGI is solely and exclusively responsible for all operations at Qwest Field; that includes everything from event booking to ticketing to parking to concessions to security.

8. Subject to the terms of the Master Lease, PSA has no legal liability, obligation, control, or responsibility for the operations and activities that occur at Qwest Field. PSA does not pay any of Qwest Field's operating costs. Ex. A, §§ 2, 10, 15, 19. FGI has all operating and maintenance responsibilities, risk, legal liability, and operating costs associated with Qwest Field. RCW 36.102.060(8); Ex. A, §§ 2, 10, 15.

9. As sole master tenant, FGI retains all revenues from the operation of Qwest Field, with some minor exceptions. Ex. A, §§ 2, 6. The Master Lease obligates FGI to pay PSA annual rent for Qwest Field. The provisions regarding rent for Qwest Field provide the following. Annual rent for Qwest Field and other facilities is the greater of $850,000 (adjusted annually based on the Consumer Price Index) or reasonable PSA operating expenses for a lease year (if those expenses exceed $850,000). Ex. A, § 5. As a rule, the rent derived from Qwest Field is entirely unrelated to, and does not vary depending on, the amount of FGI's revenues or costs from Qwest Field. As for the minor exceptions, additional rent can be derived from Olympic Games events or World Cup soccer games at the PSA Project, which includes Qwest Field. In the event there are profits from Exhibition Hall operations, 20% of those profits are paid by FGI to the common schools fund, even though the payment is denominated as rent. These exceptions do not apply to revenue from football games at Qwest Field. Ex. A, §§ 6, 18. In addition to rent, FGI also collects and remits to PSA a ticket surcharge. Ex A, § 18.

Page 3 - **DECLARATION OF ANN KAWASAKI ROMERO IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANTS PSA AND HINE, Case No. CV06 1719 JLR**
::ODMA\PCDOCS\PORTLAND\562359\1

### III. The NFL Pat-Down Requirement

10. The PSA has had no involvement in FGI's decision to implement mandatory limited pat-down inspections of all persons attending Seahawks home games. The PSA was not consulted by the NFL, Football Northwest (the Seattle Seahawks), or FGI about the pat-downs. The PSA has had no role in planning, implementation, design, or enforcement of the pat-downs or any other game day security measure; nor has PSA approved, compelled, encouraged, or ratified the pat-down inspections.

11. PSA has no financial responsibility for the pat-downs or any other security measures. Pursuant to the terms of the Master Lease, FGI is solely responsible for all costs associated with the pat-downs. Ex. A, § 10.

12. PSA has not profited, directly or indirectly, from the pat-down inspections or from any other stadium security procedures.

13. Based on my experience, I am also aware as a general matter that operating a stadium is not exclusively performed by state or local government. I am also aware from personal experience that private security employees have served at sporting events and concerts for many years.

I declare under penalty of perjury under the laws of the State of Washington and the laws of the United States of America that the foregoing is true and correct.

Executed this 27th day of March, 2007 in Seattle, Washington.

*/s/ Ann Kawasaki Romero*
Ann Kawasaki Romero

Page 4 - **DECLARATION OF ANN KAWASAKI ROMERO IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANTS PSA AND HINE**, Case No. CV06 1719 JLR

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone: 503-228-2525

1  **CERTIFICATE OF SERVICE**

2  I hereby certify that, on the 27th day of March, 2007, I served a true and correct copy of

3  the foregoing **DECLARATION OF ANN KAWASAKI ROMERO IN SUPPORT OF**

4  **MOTION FOR SUMMARY JUDGMENT BY DEFENDANTS PSA AND HINE,** by the

5  method shown below, addressed to the following named persons at their last-known addresses on

6  the date shown above:

7  Timothy G. Leyh, Esq.          BY EMAIL AND FEDERAL EXPRESS
   Christopher T. Wion, Esq,
8  Danielson Harrigan Leyh & Tollefon LLP
   999 Third Avenue, Suite 4400
9  Seattle, Washington 98104
       Counsel for Plaintiffs
10
   Gregg H. Levy, Esq.            BY EMAIL AND FEDERAL EXPRESS
11 Paul A. Ainsworth, Esq.
   Covington & Burling LLP
12 1201 Pennsylvania Avenue, NW
   Washington, DC 20004
13
   Jeffrey Miller, Esq,           BY EMAIL AND FEDERAL EXPRESS
14 Timothy Filer, Esq.
   Foster Pepper PLLC
15 1111 Third Avenue, Suite 3400
   Seattle, Washington 98101
16    Attorneys for Defendants The Seattle Seahawks,
      Football Northwest LLC and First & Goal, Inc.
17

18                                   /s/ John J. Dunbar
                                     John J. Dunbar, WSBA No. 15509
19                                   BALL JANIK LLP
                                     101 SW Main Street, Suite 1100
20                                   Portland, OR 97204
                                     Phone: (503) 228-2525
21                                   Fax: (503) 226-3910
                                     Email: jdunbar@bjllp.com
22
                                     Attorneys for Defendants The Washington State
23                                   Public Stadium Authority and Lorraine Hine

24

25

26

Page 1 - **CERTIFICATE OF SERVICE**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\562359\1