# EXHIBIT 2

Page 1

1            IN THE UNITED STATES DISTRICT COURT
2          FOR THE WESTERN DISTRICT OF WASHINGTON
3                       AT SEATTLE
4  _____
5  FRED and KATHLEEN STARK, a        )
   married couple,                   )
6                                    )
                 Plaintiffs,         )
7                                    )
              vs.                    )   No. CV 06-1719JLR
8                                    )
   THE SEATTLE SEAHAWKS, FOOTBALL    )
9  NORTHWEST, LLC, a Washington      )
   limited liability company,       )
10 FIRST & GOAL, INC., a Washington  )
   corporation, THE WASHINGTON       )
11 STATE PUBLIC STADIUM AUTHORITY,   )
   a Washington municipal           )
12 corporation, and LORRAINE HINE,   )
   in her capacity as chair of the   )
13 Washington State Public           )
   Stadium Authority board of        )
14 directors,                        )
                                     )
15               Defendants.         )
   _____
16
17      30(b)6 Deposition Upon Oral Examination of
18
               ANN KAWASAKI ROMERO
19 _____
20
          Taken at 999 Third Avenue, Suite 4400
21
               Seattle, Washington
22
23
24 DATE:  Wednesday, April 25, 2007
25 REPORTED BY:  Mindy L. Suurs, CSR

Page 2

```
 1                    A P P E A R A N C E S
 2

     For the Plaintiffs:
 3

        CHRISTOPHER T. WION
 4      Danielson Harrigan Leyh & Tollefson
        999 Third Avenue
 5      Suite 4400
        Seattle, Washington 98104
 6
 7

     For PSA and Lorraine Hine:
 8

        JOHN J. DUNBAR
 9      Ball Janik
        One Main Place
10      101 SW Main Street
        Suite 1100
11      Portland, Oregon 97204-3219
12

13   For Football Northwest and First & Goal:
14      PAUL A. AINSWORTH
        Covington & Burling
15      1201 Pennsylvania Avenue NW
        Washington, DC 20004-2401
16
17
18
19
20
21
22
23
24
25                        --oOo--
```

Page 3

```
 1                          I N D E X
 2     EXAMINATION BY                                    PAGE
 3     Mr. Wojtanowicz                                    4
 4
 5
 6
 7                       EXHIBIT INDEX
 8     NO.     DESCRIPTION                               PAGE
 9     23      Second Amended Notice of 30(b)6 Deposition   6
10     24      Witness' notes                               6
11     25      E-mail from Martha Fuller to Ann Kawasaki   26
               Romero
12
       26      Master Lease                                35
13
       27      Washington State Stadium Authority Revenue  40
14             Received From FGI
15     28      Defendant Washington State Public Stadium   45
               Authority's Response to Plaintiff's First
16             Interrogatories and Requests For Production
17
18
19
20
21
22
23
24
25
```

Page 4

1          SEATTLE, WASHINGTON; WEDNESDAY, APRIL 25, 2007

2                            9:50 a.m.

3

4                            --o0o--

5

6   ANN KAWASAKI ROMERO,              deponent herein, having been

7                                     first duly sworn on oath,

8                                     was examined and testified

9                                     as follows:

10

11                E X A M I N A T I O N

12  BY MR. WOJTANOWICZ:

13      Q.      Good morning, Ms. Kawasaki Romero.  My name is

14  Garth Wojtanowicz, and I represent the plaintiffs in this

15  case, Fred and Kathleen Stark, and I understand that you

16  have been produced in response to a notice of deposition to

17  the Public Stadium Authority; is that correct?

18      A.    Yes.

19      Q.    So I understand that you have never been through

20  a deposition before?

21      A.    That's correct.

22      Q.    I'm just going to lay out a few ground rules and

23  let you know how we plan on proceeding today.  I'm going to

24  be asking you a series of questions, and because this is a

25  30(b)6 deposition, you've been designated as the person

Page 39

1    deposited, and we receive 20 percent net profits from First

2    & Goal's operation of the event center, which we then turn

3    around and submit to the State of Washington for deposit in

4    the State Common School Fund, and we receive miscellaneous

5    revenue from the sale of surplus equipment.

6         Q.    Beginning with the rent payments, the rent

7    payments are a fixed rent that's spelled out in the Master

8    Lease, other than the -- let me just start over with that

9    question.

10                   MR. DUNBAR:  I was about ready to go.

11   BY MR. WOJTANOWICZ:

12        Q.    Can you describe for me how the rent payments are

13   calculated.

14                   MR. DUNBAR:  Can we agree that all these

15   questions about the Master Lease, to the extent they call

16   for a legal conclusion, that you're not construing any of

17   the responses as a legal conclusion?

18                   MR. WOJTANOWICZ:  To the extent they call

19   for a legal conclusion, sure.

20                   MR. DUNBAR:  So you're asking for

21   understanding?

22                   MR. WOJTANOWICZ:  Yes.

23                   THE WITNESS:  Rent is set at 850,000 per

24   year increasing annually by CPI.

25        Q.    There's also a possibility in the Master Lease

Page 40

1    agreement, is there not, that if the reasonable operating

2    expenses of the PSA exceed that amount, then the rent could

3    be increased.  Is that your understanding?

4        A.   Yes.

5        Q.   Has that ever happened?

6        A.   No.

7        Q.   Could you explain to me what you understand the

8    admissions surcharge to be?

9        A.   Admissions surcharge is a surcharge on the price

10   of the ticket.  It's 1.2 percent.  It's used to pay

11   deferred sales tax on the project.

12       Q.   That 1.2 percent -- is that levied on all tickets

13   for all events at the facilities?

14       A.   I believe so.

15       Q.   And that includes Seahawks games?

16       A.   Yes.

17                         (Exhibit No. 27 marked for

18                         identification.)

19   BY MR. WOJTANOWICZ:

20       Q.   You've been shown what's been marked Exhibit

21   No. 27, and this is a document that counsel gave to me

22   before your deposition today, and it indicates that

23   approximately a little over two million dollars have been

24   paid to the PSA by FGI for the admissions surcharge since

25   2004.  Is that your understanding?

Page 41

1          A.    Yes.

2          Q.    Do you know how these numbers were arrived at?

3          A.    Our accountant prepared the spreadsheet, and he

4    used financial reports to generate this information.

5          Q.    And to the best of your knowledge, these numbers

6    are correct?

7          A.    To the best of my knowledge.

8                MR. DUNBAR:  This wasn't noted in the

9    30(b)6, so will you construe these responses as part of the

10   individual deposition?

11               MR. WOJTANOWICZ:  Sure.  You know, actually,

12   I think I'm just going to wrap up the 30(b)6 portion and

13   then we'll just move on so we don't have to deal with

14   the --

15               MR. DUNBAR:  The distinction between the

16   two?

17               MR. WOJTANOWICZ:  Right.

18               MR. DUNBAR:  That will be great.  Thank you.

19               MR. WOJTANOWICZ:  So we're going to come

20   back to the Master Lease agreement.

21               MR. DUNBAR:  The Master Lease agreement is

22   the part we agreed would be part of the individual

23   deposition; correct?  So are we now totally wrapped up on

24   30(b)6?

25               MR. WOJTANOWICZ:  No, I've got just a couple

# CERTIFICATE

THE STATE OF WASHINGTON    )
                            )
COUNTY OF KING              )


I, the undersigned officer of the Court under my commission as a Notary Public in and for the State of Washington, hereby certify that the foregoing deposition upon oral examination of the witness named herein was taken stenographically before me and thereafter processed under my direction;

That the witness before examination was first duly sworn by me to testify truthfully; that the transcript of the deposition is a full, true and correct transcript of the testimony; That I am neither attorney for nor a relative or employee of any of the parties to this action; further, that I am not a relative or employee of any attorney or counsel employed by the parties hereto, nor financially interested in its outcome.


IN WITNESS WHEREOF, I have hereunto set my hand and seal this ___2nd___ day of ___May___ 2007

MINDY L. SUURS
NOTARY PUBLIC
STATE OF WASHINGTON
COMMISSION EXPIRES
OCTOBER 3, 2010

___Mindy L. Suurs___
NOTARY PUBLIC in and for the State of Washington residing at
___Bellevue___