# EXHIBIT 3

Dockets.Justia.com

THE HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRED and KATHLEEN STARK, a married couple,<br><br>  Plaintiff,<br><br>  v.<br><br>THE SEATTLE SEAHAWKS, FOOTBALL NORTHWEST, LLC, a Washington limited liability company, FIRST & GOAL, INC., a Washington corporation, THE WASHINGTON STATE PUBLIC STADIUM AUTHORITY, a Washington municipal corporation, and LORRAINE HINE, in her capacity as chair of the Washington State Public Stadium Authority board of directors,<br><br>  Defendants. | Case No. CV06 1719 JLR<br><br>**ANSWER OF DEFENDANTS THE WASHINGTON STATE PUBLIC STADIUM AUTHORITY AND LORRAINE HINE** |

The Washington State Public Stadium Authority and Lorraine Hine ("Answering Defendants") answer plaintiffs' complaint as follows:

1. Paragraph 1 of the Complaint sets forth legal conclusions as well as the purported purpose of the action, neither of which requires a response. To the extent that a response is required, the allegations of this paragraph are denied.

2. Answering Defendants are without information sufficient to admit or deny the allegations of paragraph 2 of the Complaint.

Page 1 - ANSWER OF DEFENDANTS WASHINGTON PUBLIC STADIUM AUTHORITY AND LORRAINE HINE, CASE NO. CV06 1719 JLR

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\552361\1

1  3.  Responding to paragraph 3 of the Complaint, Answering Defendants state that Defendant Football Northwest, LLC is the legal name of the Seattle Seahawks, a professional football team located in Seattle. The remaining allegations of this paragraph are denied.

4.  Responding to paragraph 4 of the Complaint, Answering Defendants state that the Washington State Public Stadium Authority ("PSA") is a "body corporate" with "all the usual powers of a corporation for public purposes" and that PSA owns Qwest Field, where the Seattle Seahawks play their home games. The remaining allegations of this paragraph are denied.

5.  Answering Defendants admit the allegations of paragraph 5 of the Complaint.

6.  Responding to paragraph 6 of the Complaint, Answering Defendants state that Defendant First & Goal Inc. ("FGI") is a corporation organized and existing under the laws of the State of Washington and that FGI has entered into a Master Lease Agreement with PSA regarding the operation of the Stadium. The terms of the Master Lease Agreement speak for themselves.

7.  Paragraph 7 of the Complaint sets forth legal conclusions that do not require a response.

8.  Paragraph 8 of the Complaint sets forth legal conclusions that do not require a response.

9.  Responding to paragraph 9 of the Complaint, Answering Defendants state that PSA is a body corporate with the usual powers of a corporation for public purposes, that PSA was created in 1997 for the development, ownership and operation of a new public stadium in Seattle to replace the Kingdome, and that the new stadium was later named Qwest Field. Answering Defendants admit that the stadium was financed primarily with public funds and that FGI, a private entity, assisted in the stadium's financing and development. Pursuant to a Master

Page 2 - **ANSWER OF DEFENDANTS WASHINGTON PUBLIC STADIUM AUTHORITY AND LORRAINE HINE, CASE NO. CV06 1719 JLR**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\552361\1

1  Lease Agreement with PSA, FGI is the master tenant and operator of Qwest Field. The terms of
2  the Master Lease Agreement speak for themselves.

3       10.   Responding to paragraph 10 of the Complaint, Answering Defendants
4  admit that in 1997, the State Legislature enacted the Stadium and Exhibition Center Financing
5  Act ("Stadium Act"). The terms of the Stadium Act speak for themselves. Answering
6  Defendants are without information sufficient to admit or deny the remaining allegations of this
7  paragraph.

8       11.   Answering Defendants admit the allegations of paragraph 11 of the
9  Complaint.

10      12.   Responding to paragraph 12 of the Complaint, Answering Defendants
11 admit that Lorraine Hine is the current chair of the PSA Board. Responding to the remaining
12 allegations of this paragraph, which seek to describe portions of the Stadium Act, Answering
13 Defendants state that the terms of the Act speak for themselves.

14      13.   Responding to paragraph 13 of the Complaint, which seeks to describe
15 portions of the Stadium Act, Answering Defendants state that the terms of the Act speak for
16 themselves.

17      14.   Responding to paragraph 14 of the Complaint, which seeks to describe
18 portions of the Stadium Act, Answering Defendants state that the terms of the Act speak for
19 themselves.

20      15.   Responding to paragraph 15 of the Complaint, which seeks to describe
21 portions of the Stadium Act, Answering Defendants state that the terms of the Act speak for
22 themselves.

23      16.   Responding to paragraph 16 of the Complaint, which seeks to describe
24 portions of the Stadium Act, Answering Defendants state that the terms of the Act speak for
25 themselves.

26

Page 3 - **ANSWER OF DEFENDANTS WASHINGTON PUBLIC STADIUM AUTHORITY AND LORRAINE HINE, CASE NO. CV06 1719 JLR**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\552361\1

1  17. Responding to paragraph 17 of the Complaint, which seeks to describe portions of the Stadium Act, Answering Defendants state that the terms of the Act speak for themselves.

4  18. Responding to paragraph 18 of the Complaint, which seeks to describe portions of the Stadium Act, Answering Defendants state that the terms of the Act speak for themselves.

7  19. Responding to paragraph 19 of the Complaint, which seeks to describe portions of the Stadium Act, Answering Defendants state that the terms of the Act speak for themselves.

10  20. Responding to paragraph 20 of the Complaint, Answering Defendants state that FGI and PSA entered into a Master Lease Agreement dated November 24, 1998, which has subsequently been amended (the "Master Lease"). To the extent this paragraph sets forth legal conclusions, those conclusions do not require a response.

14  21. Responding to paragraph 21 of the Complaint, which seeks to describe portions of the Master Lease Agreement, Answering Defendants state that the terms of the Master Lease Agreement speak for themselves.

17  22. Responding to paragraph 22 of the Complaint, which seeks to describe portions of the Master Lease Agreement, Answering Defendants state that the terms of the Master Lease Agreement speak for themselves.

20  23. Answering Defendants are without sufficient information to admit or deny the allegations of paragraph 23 of the Complaint at this time.

22  24. Answering Defendants are without sufficient information to admit or deny the allegations of paragraph 24 of the Complaint at this time.

24  25. Answering Defendants are without sufficient information to admit or deny the allegations of paragraph 25 of the Complaint at this time.

Page 4 - **ANSWER OF DEFENDANTS WASHINGTON PUBLIC STADIUM AUTHORITY AND LORRAINE HINE, CASE NO. CV06 1719 JLR**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\552361\1

1     26.   Answering Defendants are without sufficient information to admit or deny
2  the allegations of paragraph 26 of the Complaint at this time.
3     27.   Answering Defendants are without sufficient information to admit or deny
4  the allegations of paragraph 27 of the Complaint at this time.
5     28.   Answering Defendants are without information sufficient to admit or deny
6  the allegations of paragraph 28 of the Complaint at this time.
7     29.   Answering Defendants are without information sufficient to admit or deny
8  the allegations of paragraph 29 of the Complaint at this time.
9     30.   Answering Defendants are without sufficient information to admit or deny
10  the allegations of paragraph 30 of the Complaint at this time.
11     31.   Answering Defendants are without information sufficient to admit or deny
12  the allegations of paragraph 31 of the Complaint at this time.
13     32.   Answering Defendants are without information sufficient to admit or deny
14  the allegations of paragraph 32 of the Complaint at this time.
15     33.   Answering Defendants without sufficient information to admit or deny the
16  allegations of paragraph 33 of the Complaint at this time.
17     34.   Answering Defendants are without sufficient information to admit or deny
18  the allegations of paragraph 34 of the Complaint at this time.
19     35.   Answering Defendants are without sufficient information to admit or deny
20  the allegations of paragraph 35 of the Complaint at this time.
21     36.   Answering Defendants are without sufficient information to admit or deny
22  the allegations of paragraph 36 of the Complaint at this time.
23     37.   Answering Defendants are without sufficient information to admit or deny
24  the allegations of paragraph 37 of the Complaint at this time.
25     38.   Answering Defendants are without sufficient information to admit or deny
26  the allegations of paragraph 38 of the Complaint at this time.

Page 5 - **ANSWER OF DEFENDANTS WASHINGTON PUBLIC STADIUM AUTHORITY AND LORRAINE HINE, CASE NO. CV06 1719 JLR**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\552361\1

1   39.  Responding to paragraph 39 of the Complaint, this paragraph sets forth
2 legal conclusions for which no response is required. Answering Defendants are without
3 sufficient information to answer or deny the allegations at this time.

4   40.  Answering Defendants lack sufficient information to admit or deny the
5 allegations of paragraph 40 at this time.

6   41.  Responding to paragraph 41 of the Complaint, Answering Defendants
7 admit the allegation that the Stadium is frequently used for other events, including soccer games,
8 live concerts and motor-cross events. Answering Defendants deny that pat-down searches have
9 occurred only at Seahawks games. Answering Defendants lack sufficient information to admit
10 or deny the remaining allegations of this paragraph.

11   42.  Paragraph 42 of the Complaint sets forth legal conclusions, to which no
12 response is required. Answering Defendants lack sufficient information to admit or deny the
13 remaining allegations of this paragraph.

14   43.  Answering Defendants are without information sufficient to admit or deny
15 the allegations of paragraph 43 of the Complaint at this time.

16   44.  Responding to paragraph 44 of the Complaint, Answering Defendants
17 deny the implicit allegation that the searches at the Stadium are conducted or authorized by the
18 PSA. Answering Defendants take no position on any searches conducted by the other
19 Defendants, and Answering Defendants deny that FGI is acting as agent for PSA with respect to
20 those searches.

21   45.  Responding to paragraph 45 of the Complaint, which incorporates
22 previous paragraphs of the Complaint, Answering Defendants incorporate their previous
23 responses.

24   46.  Responding to paragraph 46 of the Complaint, Answering Defendants
25 deny that any searches at the Stadium are conducted or authorized by the PSA, or that FGI is
26 acting as agent for PSA with respect to those searches. Answering Defendants take no position

Page 6 - **ANSWER OF DEFENDANTS WASHINGTON PUBLIC STADIUM AUTHORITY AND LORRAINE HINE, CASE NO. CV06 1719 JLR**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\552361\1

1  on any searches conducted by the other Defendants.

2  47. Responding to paragraph 47 of the Complaint, Answering Defendants deny that any searches at the Stadium are conducted or authorized by the PSA, or that FGI is acting as agent for PSA with respect to those searches. Answering Defendants take no position on any searches conducted by the other Defendants.

6  48. Responding to paragraph 48 of the Complaint, Answering Defendants deny that any searches at the Stadium are conducted or authorized by the PSA, or that FGI is acting as agent for PSA with respect to those searches. Answering Defendants take no position on any searches conducted by the other Defendants.

10  49. Responding to paragraph 49 of the Complaint, Answering Defendants deny that any searches at the Stadium are conducted or authorized by the PSA, or that FGI is acting as agent for PSA with respect to those searches. Answering Defendants take no position on any searches conducted by the other Defendants..

14  50. Responding to paragraph 50 of the Complaint, which incorporates previous paragraphs of the Complaint, Answering Defendants incorporate their previous responses.

17  51. Responding to paragraph 51 of the Complaint, Answering Defendants deny that any searches at the Stadium are conducted or authorized by the PSA, or that FGI is acting as agent for PSA with respect to those searches. Answering Defendants take no position on any searches conducted by the other Defendants.

21  52. Responding to paragraph 52 of the Complaint, Answering Defendants deny that any searches at the Stadium are conducted or authorized by the PSA, or that FGI is acting as agent for PSA with respect to those searches. Answering Defendants take no position on any searches conducted by the other Defendants.

25  53. Responding to paragraph 53 of the Complaint, which incorporates previous paragraphs of the Complaint, Answering Defendants incorporate their previous

Page 7 - **ANSWER OF DEFENDANTS WASHINGTON PUBLIC STADIUM AUTHORITY AND LORRAINE HINE, CASE NO. CV06 1719 JLR**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\552361\1

1  responses.

2  54. Responding to paragraph 54 of the Complaint, Answering Defendants deny that any searches at the Stadium are conducted or authorized by the PSA, or that FGI is acting as agent for PSA with respect to those searches. Answering Defendants take no position on any searches conducted by the other Defendants.

55. Responding to paragraph 55 of the Complaint, Answering Defendants deny that any searches at the Stadium are conducted or authorized by the PSA, or that FGI is acting as agent for PSA with respect to those searches. Answering Defendants take no position on any searches conducted by the other Defendants.

56. Any and all allegations of the Complaint not expressly admitted herein are denied.

**AFFIRMATIVE DEFENSES**

1. The complaint fails to state a claim for relief.

2. The pat-down procedure does not constitute or involve state action or conduct taken under color of law.

3. Defendant PSA is entitled to sovereign immunity under the Eleventh Amendment.

4. Defendant Hine, sued in her official capacity as chair of the PSA board of directors, is entitled to sovereign immunity under the Eleventh Amendment.

Page 8 - ANSWER OF DEFENDANTS WASHINGTON PUBLIC STADIUM AUTHORITY AND LORRAINE HINE, CASE NO. CV06 1719 JLR

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\552361\1

1    WHEREFORE, defendants request that plaintiffs' claims be dismissed and this
2 Court award defendants' costs, attorneys' fees, and such other relief as is available.
3
4 DATED: January 9th, 2007.        Respectfully submitted,
5
6                                  By: /s/ John J. Dunbar
                                   John J. Dunbar, WSBA No. 15509
7                                  BALL JANIK LLP
                                   101 SW Main Street, Suite 1100
8                                  Portland, OR 97204
                                   (503) 228-2525 (phone)
9                                  direct fax 503-226-3910 (fax)
                                   jdunbar@bjllp.com (email)
10                                 Attorneys for Defendants The Washington
                                   State Public Stadium Authority and
11                                 Lorraine Hine
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Page 9 - **ANSWER OF DEFENDANTS WASHINGTON PUBLIC STADIUM AUTHORITY AND LORRAINE HINE, CASE NO. CV06 1719 JLR**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\552361\1

# CERTIFICATE OF SERVICE

I HEREBY certify that on January 9, 2007, I electronically filed the foregoing **DEFENDANTS THE WASHINGTON STATE PUBLIC STADIUM AUTHORITY AND LORRAINE HINE'S ANSWER TO COMPLAINT** with the Clerk of the Court using the ECM/CMF system which will send notification of the filing to the following parties:

Timothy G. Leyh, Esq.
Christopher T. Wion, Esq,
Danielson Harrigan Leyh & Tollefon LLP,
999 Third Avenue, Suite 4400
Seattle, WA 98104,
    Counsel for Plaintiffs

| | |
|---|---|
| Gregg H. Levy | Jeffrey Miller |
| Paul A. Ainsworth | Timothy Filer |
| COVINGTON & BURLING LLP | FOSTER PEPPER PLLC |
| 1201 Pennsylvania Ave., NW | 1111 Third Avenue, Suite 3400 |
| Washington, DC 2004 | Seattle, WA 98101 |
| Telephone: 202-662-6000 | Telephone: 206-447-4400 |
| Fax: 202-662-6291 | Fax: 206-447-9700 |

Attorneys for Defendants The Seattle Seahawks,
Football Northwest LLC and First & Goal, Inc.

/s/ John J. Dunbar
John J. Dunbar, WSBA No. 15509
BALL JANIK LLP
101 SW Main Street, Suite 1100
Portland, OR 97204
Telephone: 503-228-2525
Fax: 503-226-3910
jdunbar@bjllp.com (email)
    Attorneys for Defendants The Washington
    State Public Stadium Authority and Lorraine
    Hine

Page 1 - **CERTIFICATE OF SERVICE**

BALL JANIK LLP
One Main Place
101 Southwest Main Street, Suite 1100
Portland, Oregon 97204-3219
Telephone 503-228-2525

::ODMA\PCDOCS\PORTLAND\552361\1