The Honorable James L. Robart

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STARK, *et al.* | Case No. CV06-1719 JLR |
| Plaintiffs, | SEAHAWKS DEFENDANTS' MOTION FOR LEAVE TO FILE A MOTION FOR SUMMARY JUDGMENT WITHIN 90 DAYS OF THE TRIAL DATE |
| v. | |
| THE SEATTLE SEAHAWKS, FOOTBALL, NORTHWEST, LLC, *et al.*, | **NOTED FOR CONSIDERATION**: May 22, 2007 |
| Defendants. | |

## INTRODUCTION & RELIEF REQUESTED

Local Rule 16(g) provides that, unless otherwise ordered by the Court, motions for summary judgment shall be filed not fewer than 90 days before the trial date, which is set in this case for July 16, 2007.

In light of that Local Rule, Defendants the Seattle Seahawks, Football Northwest LLC and First & Goal Inc. (collectively the "Seahawks Defendants") seek leave pursuant to LR 7(d)(2)(A) to file the attached motion for summary judgment; which relies in

Seahawks Defendants' Motion for Leave to
File a Motion for Summary Judgment Within
90 Days of the Trial Date

Case No. CV06-1719 JLR

**COVINGTON & BURLING LLP**
1201 PENNSYLVANIA AVE, NW
WASHINGTON, DC 20002
TEL: 202.662.6000 FAX: 202.662.6291

substantial part on admissions from plaintiffs' recently completed depositions, which could not be scheduled prior to the 90-day deadline. That testimony, which confirms that plaintiffs voluntarily and repeatedly consented to the challenged pat-downs, conclusively undermines plaintiffs' constitutional claims and should obviate any need for a trial.

The Seahawks Defendants request that their proposed motion for summary judgment be noted for consideration on Friday, June 1, 2007, or two Fridays after the Court grants the Seahawks Defendants' motion for leave to file, whichever is later, and that the opposition and reply briefs be due pursuant to the normal briefing schedule under the Local Rules.

**ARGUMENT**

Plaintiffs seek to enjoin limited pat-down inspections required of all persons attending Seattle Seahawks games at Qwest Field; they argue that the pat-downs violate the Fourth Amendment of the U.S. Constitution and its Washington state counterpart.

In an effort to secure resolution of this matter before the 2007 NFL season, the parties have pursued a compressed schedule that included expedited discovery to be completed by May 11, 2007. Because of this compressed schedule, dispositive motions were due under Local Rule 16(g) in mid-April, before defendants had an opportunity to take plaintiffs' depositions.

On March 27, 2007 defendants filed motions for summary judgment on the ground that the pat-downs, which are a private initiative conducted by private parties, do not constitute state action. On that issue, the dispositive facts were solely within defendants' control and there was no reason not to move forward with summary judgment motions before discovery was complete.

Seahawks Defendants' Motion for Leave to
File a Motion for Summary Judgment
Within 90 Days of the Trial Date

Case No. CV06-1719 JLR

- 2 -

**COVINGTON & BURLING LLP**
1201 PENNSYLVANIA AVE, NW
WASHINGTON, DC 20002
TEL: 202.662.6000  FAX: 202.662.6291

On the issue of consent, however, there was reason to believe that plaintiffs' testimony might be material, if not dispositive. Accordingly, a summary judgment motion on that issue could not responsibly be filed until depositions of plaintiffs were completed. In those depositions, taken April 26, 2007, plaintiffs confirmed that they had in fact consented to the pat-downs; their testimony confirmed the implied consent reflected by plaintiffs' repeated, voluntary decisions to attend Seahawks games with knowledge of the pat-down requirement. Indeed, plaintiffs acknowledged that they did not dispute the voluntariness of their consent to the pat-downs and testified that, although they found the pat-downs offensive, they would consent to be patted down in the future if doing so were necessary for them to attend Seahawks games. (Ainsworth Decl., Ex. 3, 78:12-79:7; Ainsworth Decl, Ex. 4, 34:11-35:6, 56:8-58:19.)

In light of that testimony, the Seahawks Defendants sought agreement from plaintiffs allowing the issue of consent to be submitted to the Court for summary judgment on a schedule, tracking the schedule for summary judgment motions set forth in Local Rule 7(d)(3), that would enable the Court to resolve this matter prior to the scheduled hearing on July 16, 2007. (Declaration of Paul Ainsworth in Support of Seahawks Defendants Motion for Leave to File a Motion for Summary Judgment Within 90 Days of the Trial Date, Exhibit 1 (May 3 2007 Letter from P. Ainsworth to C. Wion).) Plaintiffs refused to agree to this proposal. (Ainsworth Decl., Exhibit 2.)

As set forth in the proposed Motion for Summary Judgment, there is "no genuine issue as to any material fact" as to plaintiffs' voluntary consent to the pat-downs. (Ainsworth Decl. Exhibit 5 (the proposed Motion for Summary Judgment (Consent) and supporting materials); see Fed. R. Civ. P. 56(c).) This is a narrow, dispositive issue that (if

Seahawks Defendants' Motion for Leave to
File a Motion for Summary Judgment
Within 90 Days of the Trial Date

Case No. CV06-1719 JLR

- 3 -

**COVINGTON & BURLING LLP**
1201 PENNSYLVANIA AVE, NW
WASHINGTON, DC 20002
TEL: 202.662.6000  FAX: 202.662.6291

summary judgment is not granted on the state action issue) would enable the Court to dispose of this case in an efficient matter without the need for trial.

The compressed pre-trial discovery schedule provides good cause for an order revising the normal summary judgment briefing schedule set forth in Local Rule 16(g). Because the Seahawks Defendants moved promptly to prepare their summary judgment motion after obtaining the key testimony from plaintiffs, because plaintiffs cannot reasonably suggest any prejudice resulting from the proposed briefing schedule, and because proceeding with the attached motion would serve the interests of judicial efficiency and potentially obviate the need for a trial, there is ample justification for revising the deadline that ordinarily applies pursuant to Local Rule 16(g).

## CONCLUSION

The Seahawks Defendants respectfully request that their motion for leave to file the attached motion for summary judgment be granted.

Respectfully submitted,

|  |  |
|---|---|
| *Of Counsel:* | /s/ Paul A. Ainsworth |
| Gregg H. Levy | Tim J. Filer, WSBA #16285 |
| Paul A. Ainsworth | Jeffrey S. Miller, WSBA #28077 |
| COVINGTON & BURLING LLP | FOSTER PEPPER PLLC |
| 1201 Pennsylvania Ave, NW | 1111 Third Avenue, Suite 3400 |
| Washington, DC 20004 | Seattle, WA 98101 |
| tel: 202.662.6000 | tel: 206.447.4400 |
| fax: 202.662.6291 | fax: 206.447.9700 |

May 11, 2007
Seahawks Defendants' Motion for Leave to
File a Motion for Summary Judgment
Within 90 Days of the Trial Date

Case No. CV06-1719 JLR

- 4 -

**COVINGTON & BURLING LLP**
1201 PENNSYLVANIA AVE, NW
WASHINGTON, DC 20002
TEL: 202.662.6000  FAX: 202.662.6291

**CERTIFICATE OF SERVICE**

I HEREBY certify that on May 11, 2007, I electronically filed the foregoing Motion for Leave to File a Motion for Summary Judgment Within 90 Days of the Trial Date, and supporting materials using the ECM/CMF system which will send notification of the filing to Timothy G. Leyh, Esq. and Christopher T. Wion, Esq. of Danielson Harrigan Leyh & Tollefson LLP, 999 Third Avenue, Suite 4400, Seattle, WA 98104, Counsel for Plaintiffs, and John J. Dunbar of Ball Janik LLP, 101 Southwest Main Street, Suite 1100, Portland, OR 9720, Counsel for Defendants the Washington State Public Stadium Authority and Lorraine Hine, in her official capacity as Chairperson of the Washington State Public Stadium Authority board of directors.

    /s/  Paul A. Ainsworth  
Paul A. Ainsworth  
COVINGTON & BURLING LLP  
1201 Pennsylvania Ave, N.W.  
Washington, DC. 20004  
tel: 202.662.5416  
fax: 202.662.629

Seahawks Defendants' Motion for Leave to File a Motion for Summary Judgment Within 90 Days of the Trial Date

Case No. CV06-1719 JLR

**COVINGTON & BURLING LLP**  
1201 PENNSYLVANIA AVE, NW  
WASHINGTON, DC 20002  
TEL: 202.662.6000  FAX: 202.662.6291