1

The Honorable James L. Robart

2

3

4

5

6

7

8

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

STARK, *et al.*

11

                    Plaintiffs,

12

13              v.

14   THE SEATTLE SEAHAWKS, FOOTBALL,
     NORTHWEST, LLC, *et al.*,

15

16

                    Defendants.

17

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. CV06-1719 JLR

DECLARATION OF PAUL A.
AINSWORTH IN SUPPORT OF
THE SEAHAWKS DEFENDANTS'
MOTION FOR LEAVE TO FILE
A MOTION FOR SUMMARY
JUDGMENT WITHIN 90 DAYS OF
THE TRIAL DATE

18

     I, Paul A. Ainsworth, declare as follows:

19

          1.     I am an attorney admitted to practice *pro hac vice* in the United States

20

District Court for the Western District of Washington.  I am associated with the firm of

21

Covington & Burling LLP.  My firm represents defendants the Seattle Seahawks, Football

22

Northwest, LLC, and First & Goal, Inc. in the above-captioned matter.

23

24

          2.     I am familiar with the matters set forth herein and make this declaration

25

on personal knowledge and belief.

26

27

28

Declaration of Paul A. Ainsworth in Support of
the Seahawks Defendants Motion for Leave to
File a Motion for Summary Judgment Within 90
Days of the Trial Date

Case No. CV06-1719 JLR

**COVINGTON & BURLING LLP**
1201 PENNSYLVANIA AVE, NW
WASHINGTON, DC 20002
TEL: 202.662.6000 FAX: 202.662.6291

Dockets.Justia.com

3.    Attached hereto as Exhibit 1 is a true and correct copy of letter dated May 3, 2007, from Paul Ainsworth to Chris Wion.

4.    Attached hereto as Exhibit 2 is a true and correct copy of an email dated May 9, 2007, sent by Tim Leyh to Paul Ainsworth, Chris Wion, John Dunbar, Tim Filer, Garth Wojtanowicz, and Linda Bledsoe.

5.    Attached hereto as Exhibit 3 is a true and correct copy of excerpts of the April 26, 2007  Deposition of Fred Stark.

6.    Attached hereto as Exhibit 4 is a true and correct copy of excerpts of the April 26, 2007  Deposition of Kathleen Stark.

7.    Attached hereto as Exhibit 5 is a document entitled the Seahawks Defendants' Motion for Summary Judgment (Consent) and the accompanying Declaration of Paul A. Ainsworth in Support of the Seahawks Defendants Motion for Summary Judgment (Consent).

I declare under penalty of perjury that the foregoing is true and correct.

_____
Paul A. Ainsworth

Executed on:  May 11, 2007

Declaration of Paul A. Ainsworth in Support of
the Seahawks Defendants Motion for Leave to
File a Motion for Summary Judgment Within 90
Days of the Trial Date
Case No. CV06-1719 JLR

2

COVINGTON & BURLING LLP
1201 PENNSYLVANIA AVE, NW
WASHINGTON, DC 20002
TEL: 202.662.6000  FAX: 202.662.6291

# EXHIBIT 1

# COVINGTON & BURLING LLP

| | | |
|---|---|---|
| 1201 PENNSYLVANIA AVENUE NW | WASHINGTON | PAUL A. AINSWORTH |
| WASHINGTON, DC 20004-2401 | NEW YORK | TEL 202.662.5416 |
| TEL 202.662.6000 | SAN FRANCISCO | FAX 202.778.5416 |
| FAX 202.662.6291 | LONDON | PAINSWORTH@COV.COM |
| WWW.COV.COM | BRUSSELS | |

May 3, 2007

**BY ELECTRONIC MAIL**

Christopher Wion
Danielson Harrigan Leyh & Tollefson
999 Third Avenue, Suite 4400
Seattle, WA 98104

   Re: <u>Stark v. Seattle Seahawks et al.</u>, Case No. 06CV-1719 (JLR)

Dear Chris:

   In order to secure injunctive relief, the only relief sought by the complaint, plaintiffs must demonstrate, among other things, that they did not and will not voluntarily consent to the challenged pat-downs. In light of your clients' deposition testimony last week, we do not see how they can make such a showing. *See* April 26, 2007 Deposition of Fred Stark Tr. 77:24 - 78:11, 79:1-7; April 26, 2007 Deposition of Kathleen Stark Tr. 35:7-10, 36:25 - 37:2, 58:12-19. Accordingly, we encourage you to dismiss the complaint; if that happens, the Seahawks are prepared to refund the amount paid by your clients for their 2007 season tickets.

   If plaintiffs are unwilling to dismiss the complaint, we believe that the most efficient means for resolution of the consent issue is by summary judgment. We therefore request that plaintiffs concur in our request for leave to proceed with such a motion on the following schedule:

- May 10, 2007  Seahawks' Defendants' Motion for Summary Judgment (Consent)
- May 21, 2007  Plaintiffs' Opposition
- May 25, 2007  Noted Date and Reply Brief Due

   Please advise us no later than close of business Monday, May 7, whether plaintiffs will agree to either (a) a stipulated dismissal of the complaint or (b) concurrence in our request for leave to proceed with a summary judgment motion on the schedule set forth above.

           Sincerely,

           Paul A. Ainsworth

cc:  John Dunbar, Esq.
   Tim Filer, Esq.

# EXHIBIT 2

**Ainsworth, Paul**

| | |
|---|---|
| **From:** | Tim Leyh [timl@dhlt.com] |
| **Sent:** | Wednesday, May 09, 2007 7:30 PM |
| **To:** | Ainsworth, Paul; Chris Wion |
| **Cc:** | Dunbar, John; filet@foster.com; Garth Wojtanowicz; Linda Bledsoe |
| **Subject:** | RE: Stark/Seahawks |

Paul,
  Chris is in a deposition and he and I need to discuss this before we get back to you with a definitive response. If you in fact need a response today, then it is that the dispositive motions cut-off has passed and we are not inclined to agree to extend it for purposes of this motion, which we believe to be unfounded and a waste of the parties' time and money. That said, Chris and I will talk tomorrow and if after doing so we have a different view, we will so advise.


-----Original Message-----
**From:** Ainsworth, Paul [mailto:PAinsworth@cov.com]
**Sent:** Wednesday, May 09, 2007 2:48 PM
**To:** Chris Wion
**Cc:** Dunbar, John; filet@foster.com; Garth Wojtanowicz; Tim Leyh
**Subject:** RE: Stark/Seahawks

Chris: May we have your answer today, please?

---

**From:** Chris Wion [mailto:chrisw@dhlt.com]
**Sent:** Friday, May 04, 2007 2:40 PM
**To:** Ainsworth, Paul
**Cc:** Dunbar, John; filet@foster.com; Garth Wojtanowicz; Tim Leyh
**Subject:** RE: Stark/Seahawks

Paul,

We are considering your proposal and will get back to you early next week.

-Chris


-----Original Message-----
**From:** Ainsworth, Paul [mailto:PAinsworth@cov.com]
**Sent:** Thursday, May 03, 2007 7:26 PM
**To:** Chris Wion
**Cc:** Dunbar, John; filet@foster.com
**Subject:** Stark/Seahawks

Chris,

Attached please find my letter dated May 3, 2007.

Paul

<<5-3-07 Ainsworth ltr to Wion.pdf>>

....................................................
Paul A. Ainsworth
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401

(o) 202.662.5416
(f)  202.778.5416

The information contained in this email message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this email message in error, please notify the sender by reply email and delete the message and any attachments.

# EXHIBIT 3

Page 1

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

------------------------------------------------------------

FRED and KATHLEEN STARK, a          )
married couple,                     )    ORIGINAL
                                    )
                  Plaintiffs,       )
                                    )
          vs.                       )   No. CV06-1719 JLR
                                    )
THE SEATTLE SEAHAWKS, FOOTBALL      )
NORTHWEST, LLC, a Washington        )
limited liability company,         )
FIRST & GOAL, INC., a Washington   )
corporation, THE WASHINGTON        )
STATE PUBLIC STADIUM AUTHORITY,    )
a Washington municipal             )
corporation, and LORRAINE HINE,    )
in her capacity as chair of the    )
Washington State Public Stadium    )
Authority board of directors,      )
                                    )
                  Defendants.       )

------------------------------------------------------------

Deposition Upon Oral Examination Of
FREDERICK B. STARK

------------------------------------------------------------

8:55 a.m.

April 26, 2007

1111 Third Avenue, Suite 3200

Seattle, Washington

REPORTED BY:  Keri A. Aspelund, RPR, CCR No. 2661

Page 12

1          Q.    Is there anyone besides your wife that you

2     know that regularly attends Seahawks games at Qwest

3     Field?

4          A.    No.

5          Q.    When did you first learn about the pat-down

6     policy at Qwest Field?

7          A.    It would have been a preseason game in 2005,

8     probably August.

9          Q.    Did you learn prior to attending that game

10    in August 2005 that there would be pat-downs at the

11    Seahawks game?

12         A.    No.

13              MR. WION:  And I object to the extent that

14    that mischaracterizes his prior testimony.

15         Q.    How did you learn about the pat-down policy

16    at Qwest Field?

17         A.    I was there and there was a pat-down policy.

18         Q.    Did you see any signs when you came to Qwest

19    Field?

20         A.    I did not.

21         Q.    Do you read the newspaper, sir?

22         A.    I do.

23         Q.    Do you recall seeing press coverage

24    announcing there would be pat-downs at Qwest Field?

25         A.    No.

Frederick Stark                                                      April 26, 2007

Page 14

1      objection, but that's fine.

2             Q.   Go ahead.

3             A.   I'm sorry, what was the question?

4                  (Reporter read back as requested.)

5             A.   In reference to attending Seahawks games, I

6      don't know.

7             Q.   Do you think you would have remembered that

8      if that had happened?

9             A.   Probably not.

10            Q.   You don't think you'd remember if you were

11     patted down by someone carrying a badge or a gun?

12                 MR. WION:   Objection, asked and answered.

13            Q.   You can answer.

14            A.   My answer is the same.

15            Q.   Has any pat-down screener ever threatened to

16     use force to search you, sir?

17            A.   No.

18            Q.   Has anyone threatened you with criminal

19     sanctions if you did not consent to the search?

20            A.   No.

21            Q.   Have you ever contacted the Seattle Seahawks

22     regarding the pat-down policy?

23            A.   I have.

24            Q.   When did you contact them?

25            A.   I do not recall the date.

Page 30

1      Q.    And what did you consider at that time, sir?

2      A.    Well, whether it was going to be a game

3   worth seeing.  Whether it was worth going to tolerate

4   the pat-down procedure.  Yeah.

5      Q.    At that time, sir, did you understand you

6   had a choice to not attend the football game?

7      A.    Yes.

8      Q.    And you understand you made the choice to

9   attend the football game?

10     A.    Yes.

11     Q.    And you understand that by making that

12   choice you would be patted down?

13           MR. WION:  Object to the form.

14     A.    No.

15     Q.    Why didn't you understand that, sir?

16     A.    Because there had been times I have not been

17   patted down.

18     Q.    On how many occasions were you not patted

19   down, sir, prior to the start of the 2005 season?

20     A.    I'm sorry, prior to the start of the 2005

21   season --

22     Q.    I'm sorry, I asked the wrong question.

23           After the start of the 2005 season, on how

24   many occasions have you attended a Seahawks game where

25   you have not been patted down?

Frederick Stark                                                    April 26, 2007

Page 78

1          MR. WION:  Objection, mischaracterizes his

2     testimony.  Objection to form.

3          A.   Do I agree that my consent was voluntary, is

4     that the question I heard?

5          Q.   No.

6          MR. AINSWORTH:  Would you reread the

7     question.

8               (Reporter read back as requested.)

9          MR. WION:  Same objection.

10         A.   Involuntary.

11              No.

12         Q.   So, Mr. Stark, do you agree with me that

13    when you attended the Seattle Seahawks games over the

14    last two seasons, knowing of the pat-down procedures,

15    that your consent to those pat-down procedures was

16    voluntary?

17         MR. WION:  Objection to the form,

18    mischaracterizes prior testimony.

19         A.   I'm sorry, just -- could you repeat the

20    question?

21              (Reporter read back as requested.)

22         MR. WION:  Same objections.

23         A.   Beyond my counsel's objections, I would have

24    to say yes, or including his objections, or whatever

25    that all is.

Page 79

1       Q.  And sir, if you decide to attend Seattle

2   Seahawks games in the future, and pat-down is a

3   requirement of attending those games, do you agree

4   with me that your consent to those pat-downs will be

5   voluntary?

6       MR. WION:  Objection to the form.

7       A.  Yes.

8       MR. AINSWORTH:  John?

9       I have no further questions.  Mr. Dunbar

10  will have some for you.

11         E-X-A-M-I-N-A-T-I-O-N

12  BY MR. DUNBAR:

13     Q.  Mr. Stark, my name is John Dunbar, and I

14  represent the Public Stadium Authority and Lorraine

15  Hine.

16       Have you ever seen Ms. Hine's declaration in

17  this case?

18     A.  Possibly.  I'm...

19       MR. DUNBAR:  Why don't you go ahead and mark

20  that as our next one.

21       (Exhibit-45 marked.)

22     Q.  You've been handed a copy of Exhibit-45,

23  correct?

24     A.  Yes.

25     Q.  And that is the declaration of Lorraine

Frederick Stark                                                        April 26, 2007

Page 118

1                              S-I-G-N-A-T-U-R-E

2

3

4            I declare under penalty of perjury under

5       the laws of the State of Washington that I have read

6       my within deposition, and the same is true and

7       accurate, same and except for changes and/or

8       corrections, if any, as indicated by me on the CHANGE

9       SHEET flyleaf page hereof.  Signed in..............,

10      WA, on the........day of................, 2007.

11

12

13

14                           ........................

15                           FREDERICK B. STARK

16                           Taken: April 26, 2007

17

18

19

20

21

22

23

24

25      Keri A. Aspelund

1                    C-E-R-T-I-F-I-C-A-T-E

2    STATE OF WASHINGTON )

3                       ) ss.

4    COUNTY OF KING      )

5              I, the undersigned Registered

6    Professional reporter and an officer of the Court

7    under my commission as a Notary Public for the State

8    of washington, hereby certify that the deposition upon

9    oral examination was taken before me and transcribed

10   under my direction;

11             That each witness was duly sworn by me to

12   testify truthfully; that the transcript of the

13   deposition is a full, true, and correct transcript;

14   that I am neither attorney for, nor a relative or

15   employee of, any of the parties to the action or any

16   attorney or counsel employed by the parties hereto,

17   nor financially interested in its outcome.

18             IN WITNESS WHEREOF, I have hereunto set

19   my hand and seal this 30 day of April , 2007.

20

21            /S/ KERI A. ASPELUND

22

23   NOTARY PUBLIC in and for the State of

24   Washington, residing at Tacoma. Commission

25   expires March 21, 2010.  CCR No. 2661

# EXHIBIT 4

Page 1

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

------------------------------------------------------

FRED and KATHLEEN STARK, a        )
married couple,                   )      ORIGINAL
                                  )
          Plaintiffs,             )
                                  )
     vs.                          )  No. CV06-1719 JLR
                                  )
THE SEATTLE SEAHAWKS, FOOTBALL    )
NORTHWEST, LLC, a Washington      )
limited liability company,        )
FIRST & GOAL, INC., a Washington  )
corporation, THE WASHINGTON       )
STATE PUBLIC STADIUM AUTHORITY,   )
a Washington municipal            )
corporation, and LORRAINE HINE,   )
in her capacity as chair of the   )
Washington State Public Stadium   )
Authority board of directors,     )
                                  )
          Defendants.             )


------------------------------------------------------

Deposition Upon Oral Examination Of
FREDERICK B. STARK

------------------------------------------------------

8:55 a.m.

April 26, 2007

1111 Third Avenue, Suite 3200

Seattle, Washington


REPORTED BY:  Keri A. Aspelund, RPR, CCR No. 2661

Frederick Stark                                                     April 26, 2007

Page 12

1          Q.    Is there anyone besides your wife that you

2     know that regularly attends Seahawks games at Qwest

3     Field?

4          A.    No.

5          Q.    When did you first learn about the pat-down

6     policy at Qwest Field?

7          A.    It would have been a preseason game in 2005,

8     probably August.

9          Q.    Did you learn prior to attending that game

10    in August 2005 that there would be pat-downs at the

11    Seahawks game?

12         A.    No.

13         MR. WION:    And I object to the extent that

14    that mischaracterizes his prior testimony.

15         Q.    How did you learn about the pat-down policy

16    at Qwest Field?

17         A.    I was there and there was a pat-down policy.

18         Q.    Did you see any signs when you came to Qwest

19    Field?

20         A.    I did not.

21         Q.    Do you read the newspaper, sir?

22         A.    I do.

23         Q.    Do you recall seeing press coverage

24    announcing there would be pat-downs at Qwest Field?

25         A.    No.

Page 14

1      objection, but that's fine.

2          Q.   Go ahead.

3          A.   I'm sorry, what was the question?

4               (Reporter read back as requested.)

5          A.   In reference to attending Seahawks games, I

6      don't know.

7          Q.   Do you think you would have remembered that

8      if that had happened?

9          A.   Probably not.

10          Q.   You don't think you'd remember if you were

11      patted down by someone carrying a badge or a gun?

12               MR. WION:  Objection, asked and answered.

13          Q.   You can answer.

14          A.   My answer is the same.

15          Q.   Has any pat-down screener ever threatened to

16      use force to search you, sir?

17          A.   No.

18          Q.   Has anyone threatened you with criminal

19      sanctions if you did not consent to the search?

20          A.   No.

21          Q.   Have you ever contacted the Seattle Seahawks

22      regarding the pat-down policy?

23          A.   I have.

24          Q.   When did you contact them?

25          A.   I do not recall the date.

Frederick Stark                                                    April 26, 2007

Page 30

1        Q.    And what did you consider at that time, sir?

2        A.    Well, whether it was going to be a game

3    worth seeing.  Whether it was worth going to tolerate

4    the pat-down procedure.  Yeah.

5        Q.    At that time, sir, did you understand you

6    had a choice to not attend the football game?

7        A.    Yes.

8        Q.    And you understand you made the choice to

9    attend the football game?

10        A.    Yes.

11        Q.    And you understand that by making that

12    choice you would be patted down?

13            MR. WION:  Object to the form.

14        A.    No.

15        Q.    Why didn't you understand that, sir?

16        A.    Because there had been times I have not been

17    patted down.

18        Q.    On how many occasions were you not patted

19    down, sir, prior to the start of the 2005 season?

20        A.    I'm sorry, prior to the start of the 2005

21    season --

22        Q.    I'm sorry, I asked the wrong question.

23            After the start of the 2005 season, on how

24    many occasions have you attended a Seahawks game where

25    you have not been patted down?

Frederick Stark                                                                 April 26, 2007

Page 78

1              MR. WION:  Objection, mischaracterizes his

2       testimony.  Objection to form.

3              A.   Do I agree that my consent was voluntary, is

4       that the question I heard?

5              Q.   No.

6              MR. AINSWORTH:  Would you reread the

7       question.

8                        (Reporter read back as requested.)

9              MR. WION:  Same objection.

10             A.   Involuntary.

11                  No.

12             Q.   So, Mr. Stark, do you agree with me that

13      when you attended the Seattle Seahawks games over the

14      last two seasons, knowing of the pat-down procedures,

15      that your consent to those pat-down procedures was

16      voluntary?

17             MR. WION:  Objection to the form,

18      mischaracterizes prior testimony.

19             A.   I'm sorry, just -- could you repeat the

20      question?

21                       (Reporter read back as requested.)

22             MR. WION:  Same objections.

23             A.   Beyond my counsel's objections, I would have

24      to say yes, or including his objections, or whatever

25      that all is.

Frederick Stark                                                    April 26, 2007

Page 79

1          Q.   And sir, if you decide to attend Seattle

2     Seahawks games in the future, and pat-down is a

3     requirement of attending those games, do you agree

4     with me that your consent to those pat-downs will be

5     voluntary?

6               MR. WION:  Objection to the form.

7          A.   Yes.

8               MR. AINSWORTH:  John?

9               I have no further questions.  Mr. Dunbar

10     will have some for you.

11                    E-X-A-M-I-N-A-T-I-O-N

12     BY MR. DUNBAR:

13          Q.   Mr. Stark, my name is John Dunbar, and I

14     represent the Public Stadium Authority and Lorraine

15     Hine.

16               Have you ever seen Ms. Hine's declaration in

17     this case?

18          A.   Possibly.  I'm...

19               MR. DUNBAR:  Why don't you go ahead and mark

20     that as our next one.

21                    (Exhibit-45 marked.)

22          Q.   You've been handed a copy of Exhibit-45,

23     correct?

24          A.   Yes.

25          Q.   And that is the declaration of Lorraine

Frederick Stark                                                    April 26, 2007

Page 118

1                              S-I-G-N-A-T-U-R-E

2

3

4              I declare under penalty of perjury under

5       the laws of the State of Washington that I have read

6       my within deposition, and the same is true and

7       accurate, same and except for changes and/or

8       corrections, if any, as indicated by me on the CHANGE

9       SHEET flyleaf page hereof.  Signed in...............,

10      WA, on the........day of................, 2007.

11

12

13

14                      ........................

15                      FREDERICK B. STARK

16                      Taken: April 26, 2007

17

18

19

20

21

22

23

24

25      Keri A. Aspelund

1                    C-E-R-T-I-F-I-C-A-T-E

2      STATE OF WASHINGTON )

3                         ) ss.

4      COUNTY OF KING      )

5              I, the undersigned Registered

6      Professional reporter and an officer of the Court

7      under my commission as a Notary Public for the State

8      of washington, hereby certify that the deposition upon

9      oral examination was taken before me and transcribed

10     under my direction;

11             That each witness was duly sworn by me to

12     testify truthfully; that the transcript of the

13     deposition is a full, true, and correct transcript;

14     that I am neither attorney for, nor a relative or

15     employee of, any of the parties to the action or any

16     attorney or counsel employed by the parties hereto,

17     nor financially interested in its outcome.

18             IN WITNESS WHEREOF, I have hereunto set

19     my hand and seal this 30 day of April , 2007.

20

21             /S/ KERI A. ASPELUND

22

23     NOTARY PUBLIC in and for the State of

24     Washington, residing at Tacoma. Commission

25     expires March 21, 2010.  CCR No. 2661

# Exhibit 5

Consists of the following attached documents:

- Seahawks Defendants Motion for Summary Judgment and Memorandum of Authorities (Consent)

- Declaration of Paul A. Ainsworth in Support of Motion for Summary Judgment (Consent)

- Proposed Order Granting Seahawks Defendants Motion for Summary Judgment