The Honorable James L. Robart

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STARK, *et al.* | Case No. CV06-1719 JLR |
| Plaintiffs, | SEAHAWKS DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE A MOTION FOR SUMMARY JUDGMENT WITHIN 90 DAYS OF THE TRIAL DATE |
| v. | |
| THE SEATTLE SEAHAWKS, FOOTBALL, NORTHWEST, LLC, *et al.*, | **NOTED FOR CONSIDERATION**: May 22, 2007 |
| Defendants. | |

Despite its length, plaintiffs' opposition does not warrant an extended response. The issue presented is whether the Court should grant leave for the Seahawks Defendants to file a summary judgment motion, which may very well obviate the need for trial, even though trial *may* be fewer than 90 days away.[1]

---

[1] There is now a question as to whether the motion for leave was necessary. Local Rule 16(g) requires that dispositive motions be filed no later than 90 days before the trial date. We filed the motion for leave because the
(continued…)

| SEAHAWKS DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE A MOTION FOR SUMMARY JUDGMENT WITHIN 90 DAYS OF THE TRIAL DATE | **COVINGTON & BURLING LLP** 1201 PENNSYLVANIA AVE, NW WASHINGTON, DC 20002 TEL: 202.662.6000  FAX: 202.662.6291 |
|---|---|

Case No. CV06-1719 JLR

Dockets.Justia.com

1  The proposed summary judgment motion addresses the issue of whether, by repeatedly presenting themselves at the gates of Qwest Field with knowledge of the pat-down requirement, plaintiffs expressly or impliedly consented to the challenged pat-downs.  The facts as to that issue are undisputed, although the parties dispute the legal significance of those facts.

Plaintiffs' principal basis for opposing the requested leave is their assertion that the Seahawks' Defendants' lead counsel could have taken plaintiffs' depositions several weeks earlier.  (Pls. Opp. at 5.)  Plaintiffs' opposition overlooks the fact that those depositions were taken pursuant to an agreed-upon schedule that arose out of the parties' efforts to coordinate scheduling of eleven depositions in Seattle, Minneapolis, New York, and Washington over a two-week period.  (Supplemental Declaration of Paul A. Ainsworth Filed in Support of Motion for Leave to File, ¶ 5.)  Moreover, defendants' requested deposition dates for plaintiffs' soon after we received plaintiffs written discovery responses; the depositions occurred a little more than two weeks after plaintiffs provided available dates.  (*Id.* at ¶ 4-5.)  Plaintiffs are simply wrong to suggest any issue of "delay" regarding the scheduling of plaintiffs depositions.

Nor do plaintiffs not raise any serious suggestion of prejudice resulting from the *timing* of the filing.  Nor could they reasonably do so.  The motion for leave, the proposed summary judgment motion and all of the materials supporting the summary judgment motion

---

parties had jointly *proposed* a trial date of July 16, 2007, and a Stipulated Order setting the hearing for that date was entered on April 17, 2007 (*see* Docket Entry Nos. 27. 29.)  We have since learned from the Court's staff that the hearing will not take place on those dates.  The setting of the trial date on plaintiffs' request for a permanent injunction will be the subject of a telephone conference among counsel and the Court on Wednesday, May 23, 2007.

SEAHAWKS DEFENDANTS' REPLY IN SUPPORT OF
THEIR MOTION FOR LEAVE TO FILE A MOTION FOR    - 2 -
SUMMARY JUDGMENT WITHIN 90 DAYS OF THE
TRIAL DATE

**COVINGTON & BURLING LLP**
1201 PENNSYLVANIA AVE, NW
WASHINGTON, DC 20002
TEL: 202.662.6000  FAX: 202.662.6291

Case No. CV06-1719 JLR

were filed on the last day of the discovery period. Plaintiffs also cannot reasonably claim to have been surprised or by the issues raised in the motion, for they extensively briefed the issue of consent in their motion for preliminary injunction that was filed more than five months ago. In short, neither the filing nor the timing of the summary judgment motion prejudices plaintiffs in any way.[2]

We do not propose to address the merits of the summary judgment motion here. Suffice it to say that we strongly believe that (if the Court does not grant our (fully briefed) summary judgment motion addressing state action,) this case can and should be resolved by summary judgment on the issue of consent -- an issue for which plaintiffs bear the ultimate burden of proof. *Pavao v. Pagay*, 307 F.3d 915, 918-19 (9th Cir. 2002). If there is any question about the seriousness of our motion for summary judgment or the undisputed nature of the dispositive supporting evidence, we urge the Court simply to read the supporting memorandum, which is shorter than plaintiffs' opposition to the motion for leave.

## CONCLUSION

There simply is no reason for the Court or the parties to be burdened with a trial in this matter if a dispositive issue, as to which the facts are undisputed, can be resolved on summary judgment. If the resources invested in their twelve-page opposition to our motion for leave had instead been spent preparing an opposition to the summary judgment motion, the latter motion would soon be fully briefed and ready for decision.

---

[2] The Seahawks Defendants do not object to extending the noting date for the summary judgment motion on consent to June 8, 2007, if necessary to address plaintiffs' asserted concerns about their response time.

| SEAHAWKS DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE A MOTION FOR SUMMARY JUDGMENT WITHIN 90 DAYS OF THE TRIAL DATE | - 3 - | **COVINGTON & BURLING LLP** 1201 PENNSYLVANIA AVE, NW WASHINGTON, DC 20002 TEL: 202.662.6000 FAX: 202.662.6291 |
|---|---|---|

Case No. CV06-1719 JLR

Given the absence of any prejudice to plaintiffs and the fact that summary judgment motions are appropriate to determine the legal significance of undisputed facts, the Seahawks Defendants respectfully request that their motion for leave to file the attached motion for summary judgment be granted, that plaintiffs be ordered to respond to the motion on the schedule set forth in that motion, with their opposition due on May 29, 2007, and that the summary judgment motion on consent be noted for consideration on June 1.

Respectfully submitted,

 /s/ Paul A. Ainsworth
Tim J. Filer, WSBA #16285
Jeffrey S. Miller, WSBA #28077
FOSTER PEPPER PLLC
1111 Third Avenue, Suite 3400
Seattle, WA 98101
tel: 206.447.4400
fax: 206.447.9700

*Of Counsel:*
Gregg H. Levy
Paul A. Ainsworth
COVINGTON & BURLING LLP
1201 Pennsylvania Ave, NW
Washington, DC 20004
tel: 202.662.6000
fax: 202.662.6291

May 21, 2007

SEAHAWKS DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE A MOTION FOR SUMMARY JUDGMENT WITHIN 90 DAYS OF THE TRIAL DATE

- 4 -

COVINGTON & BURLING LLP
1201 PENNSYLVANIA AVE, NW
WASHINGTON, DC 20002
TEL: 202.662.6000  FAX: 202.662.6291

Case No. CV06-1719 JLR

**CERTIFICATE OF SERVICE**

I HEREBY certify that on May 21, 2007, I electronically filed the foregoing Reply in Support of the Seahawks Defendants Motion for Leave to File a Motion for Summary Judgment Within 90 Days of the Trial Date using the ECM/CMF system which will send notification of the filing to Timothy G. Leyh, Esq. and Christopher T. Wion, Esq. of Danielson Harrigan Leyh & Tollefson LLP, 999 Third Avenue, Suite 4400, Seattle, WA 98104, Counsel for Plaintiffs, and John J. Dunbar of Ball Janik LLP, 101 Southwest Main Street, Suite 1100, Portland, OR 9720, Counsel for Defendants the Washington State Public Stadium Authority and Lorraine Hine, in her official capacity as Chairperson of the Washington State Public Stadium Authority board of directors.

    /s/ Paul A. Ainsworth
Paul A. Ainsworth
COVINGTON & BURLING LLP
1201 Pennsylvania Ave, N.W.
Washington, DC. 20004
tel: 202.662.6000
fax: 202.662.6291

SEAHAWKS DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE A MOTION FOR SUMMARY JUDGMENT WITHIN 90 DAYS OF THE TRIAL DATE

Case No. CV06-1719 JLR

COVINGTON & BURLING LLP
1201 PENNSYLVANIA AVE, NW
WASHINGTON, DC 20002
TEL: 202.662.6000  FAX: 202.662.6291